IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PYROTECHNICS MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. ___ |
| | ) | |
| XFX PYROTECHNICS LLC and fireTEK. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Pyrotechnics Management, Inc. (hereinafter "Pyrotechnics") by its counsel, Cohen & Grigsby, P.C., files this Complaint against Defendants XFX Pyrotechnics LLC ("XFX") and fireTEK, stating as follows:

### PRELIMINARY STATEMENT

1. This is an action for copyright infringement, tortious interference with prospective contractual relations, and unfair competition seeking injunctive relief and damages arising out of Defendants' unauthorized copying, distribution and sale of command/control protocols in which Pyrotechnics owns the copyright; and arising out of the unauthorized distribution and sale of fireTEK products that incorporate or reproduce such command/control protocols (herein "the Infringing Goods"). On information and belief, Defendant fireTEK has collaborated with XFX resulting in XFX's liability for the distribution and sale of the Infringing Goods in this judicial district and throughout the United States.

## THE PARTIES

2. Plaintiff, Pyrotechnics is a Pennsylvania corporation with a principal place of business at 863 Benner Pike Ste. 100, State College, PA 16801-7315.

3. Pyrotechnics manufactures digital pyrotechnics firing systems and related products that are used to create fireworks displays. Pyrotechnics sells such systems and products worldwide, including in this judicial district. Many of those systems and products incorporate the FireOne command/control protocols that Pyrotechnics authored and for which Pyrotechnics is sole owner of all copyrights.

4. Upon information and belief, Defendant fireTEK is a Romanian corporation with a place of business at Strada Silvestru 24A, Iași, Romania.

5. Upon information and belief, Defendant fireTEK is owned by Laurian Antoci.

6. Upon information and belief, fireTEK sells digital pyrotechnic firing equipment and related products worldwide, including in the United States. fireTEK is a competitor of Pyrotechnics in the distribution and sale of digital pyrotechnics firing systems and related products.

7. Defendant XFX is, on information and belief, a Pennsylvania limited liability company with a place of business at 44 Ridgewood Drive, McDonald, Pennsylvania 15057.

8. On information and belief, XFX distributes and offers for sale fireTEK's digital pyrotechnics firing systems and related products in the United States and Canada.

9. Upon information and belief, XFX sells fireworks and fireTEK products throughout the United States and Canada.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction under 17 U.S.C. § 104 *et seq.* and 28 U.S.C. §§ 1331 and 1338 based on acts of copyright infringement committed in the United States.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

12. This Court has personal jurisdiction over XFX pursuant to 42 Pa. C.S. § 5301 and Federal Rule of Civil Procedure 4(k) due to XFX's formation under the laws of Pennsylvania and its continuous and systematic business within Pennsylvania.

13. This Court has personal jurisdiction over fireTEK pursuant to 42 Pa. C.S. § 5322 and Federal Rule of Civil Procedure 4(k) due to fireTEK's transacting business within Pennsylvania, contracting to supply merchandise in Pennsylvania, and causing harm or tortious injury in Pennsylvania.

## FACTUAL ALLEGATIONS

14. Plaintiff, Pyrotechnics has been a world leader in the manufacture and sale of digital pyrotechnic firing systems for nearly twenty-five years.

15. Pyrotechnics digital pyrotechnic firing systems and related products are sold under the brand name "FireOne" (herein "the FireOne Products"). FireOne systems and products are also sometimes referred to as "F1" systems and products.

16. The FireOne brand is used in connection with a variety of digital pyrotechnic firing systems and related products. Certain FireOne systems include FireOne field modules which are used for remote ignition of pyrotechnic products such as fireworks.

17. FireOne field modules are activated through the use of FireOne's command/control protocol (the "Protocol"). The FireOne field modules use the Protocol to communicate with a FireOne control panel.

18. In response to commands, the FireOne control panel uses the Protocol to communicate to one or more FireOne field modules so as to cause the FireOne field modules to execute certain predefined functions. Such functions include, but are not limited to, causing the FireOne field modules to ignite pyrotechnic products that are electrically connected to the FireOne field modules.

19. The Protocol enables the operator to use the FireOne control panel and FireOne field modules to execute fireworks displays in which fireworks are ignited in a particular order and at specific times.

20. Pyrotechnics has invested substantial time and money to develop the FireOne system in which the Protocol is an integral and essential part.

21. The Protocol is an original work of authorship that is owned by Pyrotechnics and that is protected under the U.S. copyright law. Pyrotechnics has registered its copyright in the U.S. Copyright Office under Registration Number TX 8-738-709. A true copy of Certificate of Registration of the U.S. Copyright Office is attached hereto as Exhibit A.

22. The U.S. Copyright Act grants certain exclusive rights to the owners of copyrighted works. 17 U.S.C. § 106(1)-(5). Among other rights, the Act grants the owner of a copyrighted work the exclusive right to reproduce the copyrighted work and the exclusive right to distribute copies of the work by sale.

23. The U.S. Copyright Act grants to copyright owners the exclusive right to determine whether to license their works for copying and distribution, to whom they will grant such licenses, and terms on which they are willing to grant such licenses. Pyrotechnics has not granted any license, permission, or authorization, either directly or indirectly, to fireTEK, XFX, or any other party with respect to any Pyrotechnics' copyrighted work, including the Protocol.

24. fireTEK is manufacturing, distributing, and selling fireTEK routers that fireTEK claims can control Pyrotechnics' FireOne field modules (the "fireTEK Routers"). fireTEK further claims that purchasing fireTEK Routers eliminates the need to purchase FireOne control panels in order to use FireOne field modules to orchestrate a pyrotechnics display.

25. On January 23, 2019, fireTEK posted information concerning its fireTEK Routers on several websites, including the fireTEK Facebook® page, the UK Fireworks Forum, and pyrofan.com, among others. Copies of these posts are attached hereto as Exhibit B.

26. Each of fireTEK's posts boasted that its new product "[c]an direct control F1 modules (no need F1 panels – it can replace it and add more useful features to end users" and that the "fireTEK router can control up to 50 F1 modules." *See* Ex. B.

27. When one user on pyrofan.com responded to the post requesting the price of the new fireTEK Routers, fireTEK responded, "[a]s price it will start from 1500 to 2000 depending on the options you want to add: GPS and DMX. And if you pay only 400 (500 with internal audio player and 550 with time code also) more for a fireTEK remote you can wireless control your F1 modules with centralized and local error reports and even with possibility to local control of each F1 router. Think about how much it cost a F1 wireless solution and it is not so good like fireTEK wireless." *See* Ex. B.

28. These posts also embed a video posted by fireTEK owner Laurian Antoci on youtube.com, also uploaded on January 23, 2019, which demonstrates a fireTEK Router controlling a FireOne field module (the "YouTube Video"). A screenshot of the YouTube Video is attached hereto as Exhibit C. The video is available at
https://www.youtube.com/watch?v=GAqe4NaJOuE&feature=youtu.be.

29. The YouTube Video again acknowledged in the description of the video that "[t]his device can direct control F1 modules and replace F1 panels and add more useful features to your F1 system." *See* Ex. C.

30. In order to control the FireOne field modules (a/k/a "the F1 modules"), the fireTEK Routers must incorporate the Protocol.

31. Without using the Protocol, the fireTEK Routers cannot communicate with and control the FireOne field module as shown in the YouTube Video.

32. Pyrotechnics has never authorized fireTEK to copy, distribute, sell or use the Protocol.

33. Upon information and belief, fireTEK created the infringing fireTEK Routers at the request of Ralph Piacquadio, the managing member of XFX.

34. Mr. Piacquadio is a pyrotechnician who has frequently used Pyrotechnics' FireOne firing system to choreograph and produce fireworks displays for many Pyrotechnics' clients.

35. Upon information and belief, Ralph Piacquadio, on behalf of XFX, procured FireOne Products for fireTEK to enable fireTEK to copy the Protocol and incorporate the Protocol in fireTEK's products so as to unlawfully copy, distribute, sell and use the Protocol and to knowingly cause others to also copy, distribute, sell and use the Protocol.

36. Upon information and belief, XFX is the exclusive distributor of fireTEK's products in the United States and Canada.

37. fireTEK and XFX have infringed, and caused others to infringe, Pyrotechnics' exclusive rights under 17 U.S.C. § 106 by the unauthorized importation, distribution, use and sale of fireTEK Routers that incorporate the Protocol.

38. The Copyright Act authorizes awards of statutory damages of up to $150,000 per work for willful infringements and awards of attorney's fees to the prevailing party, among other relief. 17 U.S.C. § 504.

39. The Copyright Act also grants this Court the authority to issue injunctive relief on a nationwide basis to prevent further infringements such as those that have been committed and are being committed by XFX and fireTEK. 17 U.S.C. § 502.

40. In letters dated March 18, 2019, Pyrotechnics complained to XFX and fireTEK about their infringing activities with respect to Protocol. Copies of those letters are attached hereto as Exhibits D and E, respectively.

41. Neither XFX nor fireTEK has made any written response to the letters from Pyrotechnics. The principal of fireTEK, Laurian Antoci, told Mr. Daniel Barker, the owner of Pyrotechnics, that had he received the letters and admitted that the Protocol had been taken from FireOne Products incorporated into fireTEK products. Further, Mr. Antoci told Mr. Barker that he intended to continue to copy, distribute, sell and use the Protocol in fireTEK products with no accounting to Pyrotechnics. Mr. Antoci further informed Mr. Barker that if Pyrotechnics brought any legal proceeding against fireTEK, Mr. Antoci intended to delay and forestall any final decision in such a proceeding for years and that, meanwhile, he would continue to copy, distribute, sell and use the Protocol throughout the course of the proceeding.

42. In fact, in July 2019, Pyrotechnics Guild International, Inc., a trade organization for pyrotechnicians in the United States, circulated its PGI Bulletin, a trade publication, which included an advertisement from fireTEK again highlighting its "fireTEK to F1 compatibility." It further claimed "fireTEK can control any F1 firing module and improve F1 system capabilities …. fireTEK firing modules can be controlled from any F1 control panel. Add to your F1 system

the possibility to directly control any DMX device automatically or semiautomatically, increase firing accuracy and speed up to 1 ms, ensure 100% fire and more." A copy of that advertisement is attached hereto as Exhibit F.

43. Phone numbers for Mr. Piacquadio and another XFX employee are listed as the United States contacts on the fireTEK advertisement circulated in the PGI Bulletin. *See* Ex. F.

44. Pyrotechnics has been and will continue to be irreparably harmed by Defendants' continued copyright infringement and unfair competition as described herein for which there is no adequate remedy at law. Unless restrained by the Court, Pyrotechnics will continue to be irreparably injured by Defendants' unlawful conduct.

## COUNT I:  COPYRIGHT INFRINGEMENT

45. Pyrotechnics repeats and incorporates by reference, as if fully set forth herein, paragraphs 1 through 44 above.

46. Pyrotechnics is the copyright owner of the Protocol as described above.

47. Pyrotechnics has not authorized fireTEK or XFX to make any use of Pyrotechnics' copyrighted work by copying, reproducing, importing, distributing or selling fireTEK routers that incorporate Pyrotechnics' copyrighted Protocol.

48. Defendants' importation, distribution, and sale of fireTEK Routers has violated the exclusive rights of Pyrotechnics under 17 U.S.C. § 106 in the Protocol. Among other things, and without limitation, Defendants have copied the copyrighted works of Pyrotechnics, imported or caused to be imported those copies to the United States, and distributed those copies for sale within this judicial district and throughout the United States.

49. Defendants' acts complained of herein violate 17 U.S.C. § 106 of the Copyright Act, and have been undertaken in reckless and willful disregard for Pyrotechnics' rights in and to its copyrights.

50. Unless and until enjoined by this Court, the acts of Defendants complained of herein will continue unabated, all to the continuing damage and detriment of Pyrotechnics, for which Pyrotechnics has no adequate remedy at law.

### COUNT II:  TORTIOUS INFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

51. Pyrotechnics repeats and incorporates by reference, as if fully set forth herein, paragraphs 1 through 50 above.

52. Upon information and belief, Defendants have intentionally and improperly interfered with, and continue to interfere with, Pyrotechnics' prospective contractual relationships with customers by inducing or otherwise causing them not to enter into contracts with Pyrotechnics by marketing and selling products that infringe upon Pyrotechnics' copyrighted Software.

53. Such interference by Defendants is not privileged.

54. As a direct and proximate result of Defendants' wrongful conduct, Pyrotechnics has been damaged in its business and reputation, has suffered irreparable harm and will continue to suffer immediate and irreparable harm unless and until Defendants are enjoined from their wrongful conduct.

55. Pyrotechnics' remedies at law are not adequate, and it cannot be fully compensated by an award of money damages alone.

56. Defendants' wrongful acts, as more fully described above, will continue unless enjoined.

## COUNT III: UNFAIR COMPETITION

57. Pyrotechnics repeats and incorporates by reference, as if fully set forth herein, paragraphs 1 through 56 above.

58. Pyrotechnics and Defendants compete against one another in the pyrotechnics industry, as each sells digital pyrotechnics firing systems.

59. Pyrotechnics has a legitimate business interest in the copyrighted Protocol that is being unlawfully infringed by Defendants, as alleged above, and in protecting its customer relationships from unlawful interference.

60. Defendants have engaged in deliberate acts of unfair competition against Pyrotechnics including, but not limited to, Defendants' infringement of Pyrotechnics' copyright and Defendants' intentional interference with Pyrotechnics' prospective contractual relationships.

61. As a direct and proximate result of Defendants' wrongful conduct, Pyrotechnics has suffered damages and immediate and irreparable harm and will continue to suffer such harm and damage unless and until Defendants are enjoined from such conduct.

## REQUESTED RELIEF

WHEREFORE, Pyrotechnics prays that judgment be entered in its favor and against Defendants, as follows:

    a. The Court adjudge and declare that Defendants have infringed Pyrotechnics' copyright in violation of 17 U.S.C. § 101, *et seq.*;

    b. The Court award Pyrotechnics statutory damages under the Copyright Act in the amount of $150,000 per work infringed and actual and treble damages;

        c.        The Court award Pyrotechnics its actual damages arising out of Defendants' copyright infringement, tortious interference with prospective contractual relations, and unfair competition, plus the profits derived by Defendants' wrongful use of Pyrotechnics' copyrighted works;

        d.        The Court permanently enjoins Defendants, their officers, agents, servants, and employees as well as those persons or affiliated companies in active concert or participation with them, from infringing any of Pyrotechnics' exclusive rights under the Copyright Act, including but not limited to, importing, distributing, copying and selling copies of Pyrotechnics' copyrighted works;

        e.        The Court award Pyrotechnics' its costs and expenses, including reasonable attorneys' fees; and

        f.        The Court grant such further and additional relief as this Court may deem just and proper.

## **JURY TRIAL DEMAND**

Pyrotechnics requests a trial by jury as to all issues so triable.

Respectfully submitted:

COHEN & GRIGSBY, P.C.


By: */s/ Kevin C. Harkins*
    Kevin C. Harkins
    PA. I.D. No. 59915
    Fred L. Tolhurst
    PA. I.D. No. 22040
    Lucy E. Hill
    PA. I.D. No. 323731

    COHEN & GRIGSBY, P.C.
    625 Liberty Avenue
    Pittsburgh, PA  15222-3152
    (412) 297-4900

    Counsel for Plaintiff,
Dated:  July 24, 2019     Pyrotechnics Management, Inc.
3060756.v1