IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PYROTECHNICS MANAGEMENT, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:19-cv-00893 |
| vs. | : | |
| | : | |
| XFX PYROTECHNICS LLC and fireTEK, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants | : | |
| | : | |

### ANSWER TO PLAINTIFF'S COMPLAINT IN CIVIL ACTION, AFFIRMATIVE DEFENSES, and CROSS-CLAIM

The Defendant, XFX Pyrotechnics LLC (hereinafter "XFX"), by and through its attorneys, Joseph W. Cavrich, Esq., and the law firm of Andrews & Price LLC, file the following Answer to Plaintiff's Complaint in Civil Action, Affirmative Defenses, and Cross-Claim, averring as follows:

### ANSWER

### PRELIMINARY STATEMENT

1. The averments of Paragraph 1 constitute conclusions of law to which no response is required.

### THE PARTIES

2. Admitted.

3. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 3. Said averments are therefore denied and strict proof is demanded.

4. The averments of Paragraph 4 are directed to another Defendant.

5. The averments of Paragraph 5 are directed to another Defendant.

6. The averments of Paragraph 6 are directed to another Defendant.

1

7. XFX denies that it is a Pennsylvania Company. To the contrary, XFX is a registered Delaware LLC. XFX admits that has a place of business at 44 Ridgewood Drive, McDonald, Pennsylvania 15057.

8. XFX admits that it distributes and offers for sale fireTEK's digital pyrotechnics firing systems in the United States. XFX denies that it distributes and offers for sale fireTEK's digital pyrotechnics firing systems in Canada. Strict proof to the contrary is demanded. XFX is without knowledge or information sufficient to admit or deny Plaintiff's allegation that XFX distributes and offers for sale fireTEK's "related products", as Plaintiff fails to define "related products". XFX denies that distributes and offers for sale fireTEK's "related products" in Canada. Strict proof is demanded.

9. XFX admits that it sells fireworks and fireTEK pyrotechnics firing systems throughout the United States. XFX denies that it sells fireworks or any fireTEK products throughout Canada. Strict proof to the contrary is demanded.

## JURISDICTION AND VENUE

10. The averments of Paragraph 10 constitute conclusions of law to which no response is required.

11. The averments of Paragraph 11 constitute conclusions of law to which no response is required.

12. The averments of Paragraph 12 constitute conclusions of law to which no response is required.

13. The averments of Paragraph 13 constitute conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

14. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 14. Said averments are therefore denied and strict proof is demanded.

15. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 15. Said averments are therefore denied and strict proof is demanded.

16. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 16. Said averments are therefore denied and strict proof is demanded.

17. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 17. Said averments are therefore denied and strict proof is demanded.

18. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 18. Said averments are therefore denied and strict proof is demanded.

19. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 19. Said averments are therefore denied and strict proof is demanded.

20. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 20. Said averments are therefore denied and strict proof is demanded.

21. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 21. Said averments are therefore denied and strict proof is demanded.

22. The averments of Paragraph 22 constitute conclusions of law to which no response is required.

23. The averments of Paragraph 23 constitute conclusions of law to which no response is required.

24. The averments of Paragraph 24 are directed to another Defendant.

25. The averments of Paragraph 25 are directed to another Defendant.

26. The averments of Paragraph 26 are directed to another Defendant.

27. The averments of Paragraph 27 are directed to another Defendant.

28. The averments of Paragraph 28 are directed to another Defendant.

29. The averments of Paragraph 29 are directed to another Defendant.

30. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 30. Said averments are therefore denied and strict proof is demanded.

31. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 31. Said averments are therefore denied and strict proof is demanded.

32. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 32. Said averments are therefore denied and strict proof is demanded.

33. The averments of Paragraph 33 are denied. Strict proof is demanded.

34. XFX admits that Mr. Piacquadio is a pyrotechnician who has used Pyrotechnics FireOne firing system to produce fireworks displays for clients. XFX denies that Mr. Piachadio has "frequently" used Pyrotechnics FireOne firing systems, and further denies that he has choreographed and produced fireworks displays for "many" Pyrotechnics clients. To the contrary, Mr. Piacquadio has never used FireOne software for choreographing a show, and does not know how to use FireOne's choreography software. Mr. Piacqudio has also never personally used FireOne equipment to fire a show. He has choreographed fireworks shows (using software other than FireOne's choreography software) for approximately two display companies who use FireOne equipment, but he has never been the person who executed the show. In summary, Mr. Piacuadio has never fired a show using FireOne equipment.

35. The averments of Paragraph 35 are denied. Strict proof is demanded.

36. The averments of Paragraph 36 are denied. Strict proof is demanded.

37. The averments of Paragraph 37 constitute conclusions of law to which no response is required.

38. The averments of 38 constitute conclusions of law to which no response is required.

39. The averments of Paragraph 39 constitute conclusions of law to which no response is required.

40. Defendant admits that Plaintiff authored a letter to XFX complaining of alleged infringing activities with respect to the Protocol. Defendant denies that it has engaged in any infringing activities with respect to the Protocol. Strict proof is demanded.

41. XFX admits that it has not made any written response to the letter from Plaintiff. Defendant is without sufficient knowledge or information to admit or deny whether fireTEK made a written response to the letter from Plaintiff, or as to any alleged communications between representatives of Plaintiff and representatives of fireTEK. Said averments are therefore denied and strict proof is demanded.

42. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 42. Said averments are therefore denied and strict proof is demanded.

43. Defendant admits that the document attached to Plaintiff's Complaint as Ex. F. lists a phone number for an XFX employee. Defendant denies that the document attached to Plaintiff's Complaint as Ex. F lists a phone number for Mr. Piacquadio. Defendant further denies that it had any involvement in the creation or distribution of the advertisement attached to Plaintiff's Complaint as Ex. F. Strict proof to the contrary is demanded.

44. The averments of Paragraph 44 constitute conclusions of law to which no response is required.

## COUNT I : COPYRIGHT INFRINGEMENT

45. Defendant incorporates by reference its responses to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. The averments of Paragraph 46 constitute conclusions of law to which no response is required.

47. The averments of Paragraph 47 constitute conclusions of law to which no response is required.

48. The averments of Paragraph 48 constitute conclusions of law to which no response is required.

49. The averments of Paragraph 49 constitute conclusions of law to which no response is required.

50. The averments of Paragraph 50 constitute conclusions of law to which no response is required.

WHEREFORE, Defendant respectfully requests that the Plaintiff's Complaint in Civil Action be dismissed with prejudice.

## COUNT II: TORITIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

51. Defendant incorporates by reference its responses to Paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. The averments of Paragraph 52 constitute conclusions of law to which no response is required.

53. The averments of Paragraph 53 constitute conclusions of law to which no response is required.

6

54. The averments of Paragraph 54 constitute conclusions of law to which no response is required.

55. The averments of Paragraph 55 constitute conclusions of law to which no response is required.

56. The averments of Paragraph 56 constitute conclusions of law to which no response is required.

WHEREFORE, Defendant respectfully requests that the Plaintiff's Complaint in Civil Action be dismissed with prejudice.

### COUNT III:  UNFAIR COMPETITION

57. Defendant incorporates by reference its responses to Paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. Admitted.

59. The averments of Paragraph 59 constitute conclusions of law to which no response is required.

60. The averments of Paragraph 60 constitute conclusions of law to which no response is required.

61. The averments of Paragraph 61 constitute conclusions of law to which no response is required.

### REQUESTED RELIEF

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested and asks that Plaintiff's Complaint in Civil Action be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

62. The averments contained in the "Wherefore" clauses in the Plaintiffs' Complaint are conclusions of law to which no response is required. To the extent that a response is required, the averments contained therein are denied and strict proof thereof is demanded at the time of trial. The Defendants deny that the Plaintiff is entitled as a matter of law or fact to any relief requested thereunder.

### Second Affirmative Defense

63. Any and all injuries and/or damages sustained by Plaintiff were not the result of any action or inaction on the part of these Defendants.

### Third Affirmative Defense

64. If Plaintiff suffered any injuries or damages, Plaintiff failed to properly mitigate its damages.

### Fourth Affirmative Defense

65. Plaintiff's claims are or may be barred in whole or in part by the doctrines of estoppel, waiver, laches and/or unclean hands.

### Fifth Affirmative Defense

66. Defendant expressly reserves the right to amend this Answer to include additional defenses which may become available during the course of discovery in this case.

### Sixth Affirmative Defense

67. Any devices or technology allegedly supplied by XFX which were used for the alleged copyright infringement are capable of commercially significant noninfringing uses.

### Seventh Affirmative Defense

68. The devices or technology allegedly copied do not cover matter or elements within the scope of the protection afforded by the Plaintiff's copyright.

### Eighth Affirmative Defense

69. Plaintiff's copyright does not protect XFX's procedures, processes, systems, or methods of operation.

### Ninth Affirmative Defense

70. The use of Plaintiff's copyrighted work to gain an understanding of unprotected functional elements is a fair use of the copyrighted work.

### Tenth Affirmative Defense

71. XFX's actions were, at all material times hereto, taken for their own legitimate economic interests.

### Eleventh Affirmative Defense

72. XFX was, at all times material hereto, engaged in legitimate business competition.

### Twelfth Affirmative Defense

73. XFX's actions were, at all times material hereto, an essential part of its business operations or consistent with industry norms.

WHEREFORE, Defendant respectfully requests that the Plaintiff's Complaint in Civil Action be dismissed with prejudice.

### CROSS-CLAIM OF DEFENDANT, XFX PYROTECHNICS LLC, AGAINST DEFENDANT, FIRETEK

74. Defendant incorporates by reference Paragraphs 1 through 73 of the within Answer to Plaintiff's Complaint as if fully set forth herein.

75. Defendant XFX has specifically denied all allegations against it asserted by Plaintiff.

76. If Defendant XFX is found liable to Plaintiff, either through judgment, settlement, or otherwise, then its liability was caused by the acts of Defendant, fireTEK.

77. Defendant XFX is therefore entitled to contribution and/or indemnification from Cross-Claim Defendant, FireTEK, for all sums which it pays or is adjudged liable to pay through settlement, judgment, or otherwise.

WHEREFORE, pursuant to F.R.C.P. 13(g), Defendant XFX demands judgment for contribution and/or indemnification from Defendant FireTEK, plus interest and costs.

Date: September 9, 2019  Respectfully submitted,

**ANDREWS & PRICE**

By: /s/ Joseph W. Cavrich, Esq.
Joseph Cavrich, Esquire
Pa. I.D. #52693

1500 Ardmore Boulevard, Ste. 506
Pittsburgh, PA 15221
(412) 243-9700
Attorneys for Defendant, XFX Pyrotechnics LLC

## VERIFICATION

I, Ralph Piacquadio, Member of XFX Pyrotechnics LLC, hereby verify that the statements made in the within ANSWER TO PLAINTIFF'S COMPLAINT are true and correct based on my personal knowledge and information. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

Dated: 9-9-2019

Ralph Piacquadio

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT IN CIVIL ACTION, AFFIRMATIVE DEFENSES, and CROSS-CLAIM** was sent to the parties listed below via electronic mail this 9th day of September, 2019.

        Lucy E. Hill, Esq.
        Cohen & Grigsby
        625 Liberty Ave.
        Pittsburgh, PA 15222-3152
        lhill@cohenlaw.com
        (Attorneys for Plaintiff)

        fireTEK
        Calea Cristesti nr. 137
        Holboca, Iasi, 707250
        Romania
        office@ftek.eu

        **ANDREWS & PRICE**

By:   */s/ Joseph W. Cavrich*
       Joseph W. Cavrich, Esquire