IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PYROTECHNICS MANAGEMENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00893-RJC |
| ) | |
| XFX PYROTECHNICS LLC and FIREtek, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Presently pending before the court is a Motion to Dismiss or in the Alternative, Motion for Summary Judgment (ECF No. 34) filed by defendant fireTEK. For the reasons stated herein, the motion will be denied.

**I. Procedural Background**

On July 24, 2019, Plaintiff Pyrotechnics Management, Inc. ("Pyrotechnics") filed a Complaint (ECF No. 1, hereinafter "Compl.") against fireTEK and XFX Pyrotechnics LLC ("XFX"). (ECF No. 1). The Complaint alleges copyright infringement (Count I), tortious interference with prospective contractual relations (Count II), and unfair competition (Count III) arising out of Defendants' alleged unauthorized copying, distribution and sale of command/control protocols in which Pyrotechnics owns the copyright; and arising out of the unauthorized distribution and sale of fireTEK products that incorporate or reproduce such command/control protocols (herein "the Infringing Goods"). On October 15, 2019, fireTEK filed the pending motion to dismiss and brief in support thereof. (ECF Nos. 34, 35). In its motion fireTEK has not argued that Counts II or Count III should be dismissed, only Count I, the allegation of copyright infringement.

On October 29, 2019, Plaintiff filed a brief in opposition. (ECF No. 36). On February 4, 2020, this matter was reassigned to this member of the Court. (ECF No. 44). The matter is now ripe for consideration.

We have jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

**II. Factual Allegations**

The allegations in the Complaint are as follows. Plaintiff Pyrotechnics manufactures digital pyrotechnic firing systems and has been a world leader in the pyrotechnics industry for nearly twenty-five years. (Compl. ¶ 14.) Pyrotechnics manufactures and sells its pyrotechnic firing systems under the brand name of FireOne, also commercially referred to as "F1" in the pyrotechnics community. (Compl. ¶ 15.) The FireOne digital pyrotechnic firing system is sophisticated equipment that allows an operator to control elaborate fireworks displays. (*See* Compl. ¶¶ 16-19.)

The FireOne field module is one of the products that is a component of the FireOne firing system. (Compl. ¶ 16.) The FireOne field module is used for remote ignition of pyrotechnic products. (*See* Compl. ¶¶ 17-18.) The FireOne field modules are programmed to be responsive to FireOne's command/control protocol (the "Protocol"). (Compl. ¶ 17.) The Protocol enables wireless communication between a FireOne control panel and the FireOne field module and instructs the field module to execute predetermined functions according to the Protocol. (Compl. ¶ 18.) When pyrotechnic products such as fireworks are electrically connected to the FireOne field module, a pyrotechnician can use the FireOne control panel to remotely ignite the connected products. (Compl. ¶¶ 18-19.) The Protocol is protected by U.S. copyright law and registered with the Copyright Office under Registration Number TX 8-738-709. (Compl. ¶ 21.)

Pyrotechnics has attached to the Complaint a copy of the Certificate of Registration with the Copyright Office. (ECF No. 1-2, Compl. Ex. A).

Defendant fireTEK, a Romanian company, also manufacturers digital pyrotechnics firing systems in competition with Pyrotechnics. (Compl. ¶¶ 4, 6.) It is alleged fireTEK developed the infringing fireTEK Routers in conjunction with Ralph Piacquadio, the managing member of Defendant XFX Pyrotechnics LLC ("XFX"). (Compl. ¶ 33) As a pyrotechnician, Piacquadio had frequently used Pyrotechnics' FireOne firing system to choreograph fireworks displays for many of Pyrotechnics' clients. (Compl.¶ 34). Plaintiff alleges Piacquadio, on behalf of XFX, procured a specimen FireOne product for the benefit of fireTEK. (Compl. ¶ 34). FireTEK procured and used those FireOne products to identify and copy the FireOne Protocol and unlawfully use the Protocol in its fireTEK Routers. (Compl. ¶ 34) XFX then imported, distributed and sold the fireTEK Routers in the United States and Canada on behalf of fireTEK. (Compl. ¶¶ 33-37.) Defendant XFX claims to be the "Official Distributor" of Defendant fireTEK products within the United States and Canada. (*See* Compl. ¶ 36.)

Beginning on or around January 23, 2019, fireTEK began advertising new fireTEK Routers that it claimed are capable of controlling Plaintiff Pyrotechnics' FireOne field modules (the "fireTEK Routers"). (Compl. ¶ 25.) On January 23, 2019, fireTEK posted about the fireTEK Routers on several websites, including the fireTEK Facebook® page, the UK Fireworks Forum, and pyrofan.com, among others. (Compl. ¶ 25.) Each of fireTEK's posts boasted that its new product "[c]an direct control F1 modules (no need F1 panels – it can replace it and add more useful features to end users)" and that the "fireTEK router can control up to 50 F1 modules." (Compl. ¶ 26 & Ex. B.) When one user on pyrofan.com responded to the post requesting the price of the new fireTEK Routers, fireTEK responded, "[a]s price it will start from [$]1500 to

[$]2000 depending on the options you want to add: GPS and DMX. And if you pay only [$]400([$]500 with internal audio player and [$]55 0 [sic] with time code also) more for a fireTEK remote you can wireless control your F1 modules with centralized and local error reports and even with possibility to local control of each F1 router. Think about how much it cost a F1 wireless solution and it is not so good like fireTEK wireless." (Compl. ¶ 27 & Ex. B.) These posts also embed a video posted by fireTEK owner Laurian Antoci on youtube.com, also uploaded on January 23, 2019, which demonstrates a fireTEK router controlling a FireOne field module (the "YouTube Video"). (Compl. ¶ 28 & Ex. C.) The YouTube Video again acknowledged in the description of the video that "[t]his device can direct control F1 modules and replace F1 panels and add more useful features to your F1 system." (Compl. ¶ 29 & Ex. C.)

In order to control the FireOne field modules, the fireTEK Routers must incorporate the copyrighted Protocol. (Compl. ¶ 30.) It is alleged without the FireOne Protocol, the fireTEK Routers would be unable to communicate with and control the FireOne field module as shown in the embedded YouTube Video. (Compl. ¶ 31.) Pyrotechnics has never authorized fireTEK to copy, distribute, sell or use the FireOne Protocol. (Compl. ¶ 32.)

In response to cease and desist letters sent by Pyrotechnics in response to the infringement, the principal of fireTEK, Laurian Antoci, admitted to Mr. Daniel Barker, the owner of Pyrotechnics, that the Protocol had been taken from FireOne products and incorporated into fireTEK products. (*See* Compl. ¶ 41.) Further, Mr. Antoci told Mr. Barker that he intended to continue to copy, distribute, sell and use the Protocol in fireTEK products with no accounting to Pyrotechnics. (Compl. ¶ 41.) Mr. Antoci further informed Mr. Barker that if Pyrotechnics brought any legal proceeding against fireTEK, Mr. Antoci intended to delay and forestall any final decision in such a proceeding for years and that, meanwhile, he would continue to copy,

4

distribute, sell and use the Protocol throughout the course of the proceeding. (Compl. ¶ 41.) Plaintiff alleges in July 2019, Defendants fireTEK and XFX again highlighted the fact that the fireTEK Routers were compatible with the FireOne field modules and could be used to "improve F1 capabilities" in an advertisement in a major U.S. pyrotechnics trade publication, in blatant disregard of the cease and desist letters. (*See* Compl. ¶¶ 42-43 & Ex. D.)

## II. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

possibility and plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr, Corp.*, 809 F.3d 780 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. *See also Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

809 F.3d at 876-77. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (internal citations omitted)

While a District Court is generally limited to a plaintiff's complaint in assessing a motion to dismiss, when a document is "integral to or explicitly relied upon in the complaint [, it] may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotations omitted). Plaintiff has attached the Policy to the Complaint.  (ECF No. 1-1).

### III.  Discussion

FireTEK seeks partial dismissal, specifically dismissal of Count I, in which Plaintiff alleges the unlawful infringement and copying of the copyrighted command/control protocol and incorporation of that software into fireTEK's own competitive pyrotechnic products.  In support of its motion to dismiss fireTEK argues the Protocol is not entitled to copyright protection

because:  1) it is an uncopyrightable method of operation; 2) the desire for interoperability renders programs like the Protocol uncopyrightable; and 3) copying the Protocol to achieve interoperability is fair use.

To prevail on a claim of copyright infringement, "a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work. Copying is a shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. § 106." *Levey v. Brownstone Inv. Group, LLC*, 590 Fed. App'x 132 at 135 (3d Cir. 2014), *citing Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) (internal quotation marks and citations omitted).

"With regard to the first element, a certificate of registration with the copyright office constitutes 'prima facie evidence of the validity of the copyright and of the facts stated in the certificate,' including those pertaining to ownership." *Bradshaw v. Am. Inst. for History Educ.*, Civil No. 12–1367 (RBK/KMW), 2013 WL 1007219, *3 (D.N.J. March 13, 2013).  Plaintiff herein has alleged with sufficient particularity the original work which is the subject of its claim and has offered proof of ownership by attaching the Copyright Office Registration. *Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*, 497 F.Supp.2d 627, 635 (E.D. Pa. 2007).

Plaintiff has also pled facts sufficient to demonstrate that fireTEK engaged in unlawful copying. With respect to the second element, " '[c]opying' contemplates use of the plaintiff's work in a way that interferes with any of a copyright owner's rights under 17 U.S.C. § 106, which include the exclusive right to reproduce the work in copies, distribute copies of the work, and prepare derivative works based on it." *Kumar v. Institute of Elec. and Elecs. Eng'rs, Inc.*, Civ. Action NO. 12–6870(KSH)(CLW), 2013 WL 5467090, *3 (D.N.J. Sept. 30, 2013) (citing

*Ford Motor Co. v. Summit Motor Prods., Inc.,* 930 F.2d 277, 291 (3d Cir. 1991)). Here, it is alleged the fireTEK Routers manufactured, distributed, and sold by Defendants contain or generate copies of the copyrighted FireOne Protocols. Thus, it is alleged the Defendants' protocols are either unlawful copies or unlawful derivative works. *See Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 212 (3d Cir. 2002) (concluding that defendants' software was an infringing derivative work where defendant's software included plaintiff's copyrighted computer code). Plaintiff alleges if the fireTEK Routers did not include or produce the Protocols, they would be unable to control Pyrotechnics' FireOne field modules, as demonstrated in the YouTube video posted by fireTEK owner Laurian Antoci on January 23, 2019, and Mr. Antoci has admitted as much to Pyrotechnics' owner. It is further alleged that fireTEK infringed Pyrotechnics exclusive rights as copyright holder by importing, distributing, and selling fireTEK routers that incorporate the copyrighted Protocol without authorization from Pyrotechnics.

The basic principle of copyright law is that a copyright holder is entitled to rights encompassing the expression of an idea, but not rights to the idea itself. *Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 906 (3d Cir.1975). See 17 U.S.C. § 102(b) ("[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work"). At this stage of the litigation, however, without the benefit of discovery and/or testimony, we are not in a position to dismiss the Complaint. Whether the Protocol contains an expression, which is protected, or an unprotected idea would require more specific information than that which is currently before the court. In *Whelan Assocs., Inc. v. Jaslow Dental Lab*., Inc.797 F.2d 1222 (3d Cir. 1986), where

the Third Circuit had to decide whether the "non-literal" elements of a computer program (i.e., the structure, or "sequence and organization") were copyrightable, or, alternatively, whether only the "literal" elements (i.e., the source and object code) were protectable, the district court took expert testimony during a three-day bench trial. *Id.* at 1224–25, 1228, 1233–34. The need for a full record demonstrated in *Whelan* counsels against disposition of the copyrightability question at the motion to dismiss stage.

FireTEK further argues that desire for interoperable or compatible computer programs is a basis for dismissal, arguing that "functional requirements for achieving compatibility/interoperability with other programs are unprotectable procedures under Section 102(b)." (ECF No. 34 at 8). First we note that in large part the cases cited by fireTEK are not binding on this court as they arise from other district courts and other Courts of Appeals. We cannot ignore that the facts as alleged here are deserving of further discovery in this regard. And contrary to fireTEK's arguments, the Digital Millennium Copyright Act, 17 U.S.C. § 1201(f) does not appear to apply to the claims as stated. Rather, Pyrotechics has alleged that fireTEK copied its copyrighted Protocol verbatim and used that same software in its own competing product. Whether this constitutes fair use (an affirmative defense) remains to be established after a full development of the record, and we hesitate to decide this mixed question of law and fact at the motion to dismiss phase of the litigation.

## IV.  CONCLUSION

In conclusion, we find that sufficient facts are alleged to make out the pre-requisite averments of unauthorized copying and volitional conduct necessary to plead a cause of action

for copyright infringement.

      An appropriate order will be entered.

DATED:  April 30, 2020

                              /s/ *Robert J. Colville*
                              Robert J. Colville
                              United States District Judge

cc:  counsel of record via CM-ECF Electronic Notification