IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PYROTECHNICS MANAGEMENT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>XFX PYROTECHNICS LLC and fireTEK. )<br>)<br>Defendants. ) | Civil Action No. 2:19-cv-00893-RJC<br><br>**JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT**

Plaintiff, Pyrotechnics Management, Inc. (hereinafter "Pyrotechnics") by its counsel, Dentons Cohen & Grigsby P.C., files this Amended Complaint against Defendants XFX Pyrotechnics LLC ("XFX") and fireTEK, stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action for copyright infringement, tortious interference with prospective contractual relations, and unfair competition seeking injunctive relief and damages arising out of Defendants' unauthorized copying, distribution, display, and sale of command/control protocols in which Pyrotechnics owns the copyright; and arising out of the unauthorized distribution, display and sale of fireTEK products that employ, use, reproduce, or contain such command/control protocols (herein "the Infringing Good(s)"). On information and belief, Defendant fireTEK has collaborated with XFX resulting in XFX's liability for the distribution, display, and sale of the Infringing Goods in this judicial district and throughout the United States.

## THE PARTIES

2.     Plaintiff, Pyrotechnics is a Pennsylvania corporation with a principal place of business at 863 Benner Pike Ste. 100, State College, PA 16801-7315.

3.     Pyrotechnics manufactures digital pyrotechnics firing systems and related products that are used to create fireworks displays.  Pyrotechnics sells such systems and products worldwide, including in this judicial district.  Many of those systems and products incorporate the FireOne command/control protocols that Pyrotechnics authored and for which Pyrotechnics is sole owner of all copyrights.

4.     Upon information and belief, Defendant fireTEK is a Romanian corporation with a place of business at Strada Silvestru 24A, Iaşi, Romania.

5.     Upon information and belief, Defendant fireTEK is owned by Laurian Antoci.

6.     Upon information and belief, fireTEK sells and displays digital pyrotechnic firing equipment and related products worldwide, including in the United States.  fireTEK is a competitor of Pyrotechnics in the distribution and sale of digital pyrotechnics firing systems and related products.

7.     Defendant XFX is, on information and belief, a Pennsylvania limited liability company with a place of business at 44 Ridgewood Drive, McDonald, Pennsylvania 15057.

8.     On information and belief, XFX distributes and offers for sale fireTEK's digital pyrotechnics firing systems and related products in the United States.

9.     Upon information and belief, XFX sells fireworks and fireTEK products throughout the United States.

## JURISDICTION AND VENUE

10.     This Court has original jurisdiction under 17 U.S.C. § 104 *et seq.* and 28 U.S.C. §§ 1331 and 1338 based on acts of copyright infringement committed in the United States.

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

12.     This Court has personal jurisdiction over XFX pursuant to 42 Pa. C.S. § 5301 and Federal Rule of Civil Procedure 4(k) due to XFX's formation under the laws of Pennsylvania and its continuous and systematic business within Pennsylvania.

13.     This Court has personal jurisdiction over fireTEK pursuant to 42 Pa. C.S. § 5322 and Federal Rule of Civil Procedure 4(k) due to fireTEK's transacting business within Pennsylvania, contracting to supply merchandise in Pennsylvania, and causing harm or tortious injury in Pennsylvania.

## FACTUAL ALLEGATIONS

14.     Plaintiff, Pyrotechnics has been a world leader in the manufacture and sale of digital pyrotechnic firing systems for nearly twenty-five years.

15.     Pyrotechnics digital pyrotechnic firing systems and related products are sold under the brand name "FireOne" (herein "the FireOne Products"). FireOne systems and products are also sometimes referred to as "F1" systems and products.

16.     The FireOne brand is used in connection with a variety of digital pyrotechnic firing systems and related products. Certain FireOne systems include FireOne field modules which are used for remote ignition of pyrotechnic products such as fireworks.

17. FireOne field modules are activated through the use of FireOne's command/control protocol (the "Protocol"). The FireOne field modules use the Protocol to communicate with a FireOne control panel.

18. In response to commands, the FireOne control panel uses the Protocol to communicate to one or more FireOne field modules so as to cause the FireOne field modules to execute certain predefined functions. Such functions include, but are not limited to, causing the FireOne field modules to ignite pyrotechnic products that are electrically connected to the FireOne field modules.

19. The Protocol enables the operator to use the FireOne control panel and FireOne field modules to execute fireworks displays in which fireworks are ignited in a particular order and at specific times.

20. Pyrotechnics has invested substantial time and money to develop the FireOne system in which the Protocol is an integral and essential part.

21. The Protocol is an original work of authorship that is owned by Pyrotechnics and that is protected under the U.S. copyright law. Pyrotechnics has registered its copyright in the U.S. Copyright Office under Registration Number TX 8-738-709. A true copy of Certificate of Registration of the U.S. Copyright Office is attached hereto as Exhibit A.

22. The U.S. Copyright Act grants certain exclusive rights to the owners of copyrighted works. 17 U.S.C. § 106(1)-(5). Among other rights, the Act grants the owner of a copyrighted work the exclusive right to reproduce the copyrighted work and the exclusive right to display and distribute copies of the work by sale.

23. The U.S. Copyright Act grants to copyright owners the exclusive right to determine whether to license their works for any parts of their copyright, including copying and

distribution, to whom they will grant such licenses, and terms on which they are willing to grant such licenses. Pyrotechnics has not granted any license, permission, or authorization, either directly or indirectly, to fireTEK, XFX, or any other party with respect to any Pyrotechnics' copyrighted work, including the Protocol.

24. fireTEK is manufacturing, distributing, displaying, and selling fireTEK products that fireTEK claims can control and/or communicate with Pyrotechnics' FireOne products, including but not limited to, fireTEK routers and fireTEK field modules. fireTEK further claims that purchasing fireTEK routers eliminates the need to purchase FireOne control panels in order to use FireOne field modules to orchestrate a pyrotechnics display.

25. On January 23, 2019, fireTEK posted information concerning its fireTEK routers on several websites, including the fireTEK Facebook® page, the UK Fireworks Forum, and pyrofan.com, among others. Copies of these posts are attached hereto as Exhibit B.

26. Each of fireTEK's posts boasted that its new product "[c]an direct control F1 modules (no need F1 panels – it can replace it and add more useful features to end users" and that the "fireTEK router can control up to 50 F1 modules." *See* Ex. B.

27. When one user on pyrofan.com responded to the post requesting the price of the new fireTEK routers, fireTEK responded, "[a]s price it will start from 1500 to 2000 depending on the options you want to add: GPS and DMX. And if you pay only 400 (500 with internal audio player and 550 with time code also) more for a fireTEK remote you can wireless control your F1 modules with centralized and local error reports and even with possibility to local control of each F1 router. Think about how much it cost a F1 wireless solution and it is not so good like fireTEK wireless." *See* Ex. B.

28. These posts also embed a video posted by fireTEK owner Laurian Antoci on youtube.com, also uploaded on January 23, 2019, which shows and demonstrates a fireTEK router controlling a FireOne field module (the "YouTube Video"). A screenshot of the YouTube Video is attached hereto as Exhibit C. The video is available at https://www.youtube.com/watch?v=GAqe4NaJOuE&feature=youtu.be.

29. The YouTube Video again acknowledged in the description of the video that "[t]his device can direct control F1 modules and replace F1 panels and add more useful features to your F1 system." *See* Ex. C.

30. fireTEK has admitted it had access to Pyrotechnics' Protocol via reverse engineering the FireOne products in its possession.

31. In order to control the FireOne field modules (a/k/a "the F1 modules"), the fireTEK routers must incorporate the Protocol.

32. Without using the Protocol, the fireTEK routers cannot communicate with and control the FireOne field module as shown in the YouTube Video.

33. Pyrotechnics has never authorized fireTEK to copy, distribute, display, sell or use the Protocol.

34. Upon information and belief, XFX is the distributor of fireTEK's products in the United States.

35. XFX has distributed at least one Infringing Good to Zambelli Fireworks, a professional fireworks company.

36. In letters dated March 18, 2019, Pyrotechnics complained to XFX and fireTEK about their infringing activities. Copies of those letters are attached hereto as Exhibits D and E, respectively.

37. Neither XFX nor fireTEK made any written response to the letters from Pyrotechnics. The principal of fireTEK, Laurian Antoci, told Mr. Daniel Barker, the owner of Pyrotechnics, that had he received the letters and admitted that the Protocol had been copied from FireOne Products incorporated into fireTEK products. Further, Mr. Antoci told Mr. Barker that he intended to continue to copy, distribute, sell and use the Protocol in fireTEK products with no accounting to Pyrotechnics. Mr. Antoci further informed Mr. Barker that if Pyrotechnics brought any legal proceeding against fireTEK, Mr. Antoci intended to delay and forestall any final decision in such a proceeding for years and that, meanwhile, he would continue to copy, distribute, sell and use the Protocol throughout the course of the proceeding.

38. In fact, in July 2019, Pyrotechnics Guild International, Inc., a trade organization for pyrotechnicians in the United States, circulated its PGI Bulletin, a trade publication, which included an advertisement from fireTEK again highlighting its "fireTEK to F1 compatibility" and displaying an infringing router. It further claimed "fireTEK can control any F1 firing module and improve F1 system capabilities …. fireTEK firing modules can be controlled from any F1 control panel. Add to your F1 system the possibility to directly control any DMX device automatically or semiautomatically, increase firing accuracy and speed up to 1 ms, ensure 100% fire and more." A copy of that advertisement is attached hereto as Exhibit F.

39. Phone numbers for Mr. Piacquadio and another XFX employee are listed as the United States contacts on the fireTEK advertisement circulated in the PGI Bulletin. *See* Ex. F.

40. Moreover, Mr. Antoci has executed the threat he made in his meeting with Mr. Barker by continuing in bad faith to develop additional Infringing Goods during the pendency of this litigation.

41. On March 4, 2021, Pyrotechnics learned of a second Infringing Good sold by fireTEK via a YouTube video posted by Morgan Luc, a principal of French pyrotechnics company Étoiles 82. A screenshot of the video is attached hereto as Exhibit G.[1]

42. In that video, a FireOne router is used to control fireTEK FTQ-16x64 firing modules.

43. In order to communicate with the FireOne router as shown in the video, the fireTEK modules must use, incorporate, or copy the Protocol.

44. Upon information and belief, fireTEK began displaying and selling these new infringing fireTEK modules in Fall 2020.

45. On March 12, 2021, Pyrotechnics sent additional cease-and-desist letters to XFX and fireTEK regarding the new infringing fireTEK modules.

46. In response to the second cease-and-desist letter, fireTEK did not deny that the modules infringed Pyrotechnics' copyright, but instead contended that the new infringing modules were not being sold within the United States.

47. Contrary to that claim, these fireTEK modules are available for sale in the United States via fireTEK's webpage. A screenshot showing capability for ordering the infringing modules from fireTEK's website to be shipped to this judicial district is attached hereto as Exhibit H.

48. Upon information and belief, fireTEK has already displayed and sold the fireTEK modules in the United States and is continuing to do so via its website.

---

[1] Although it appears that the video has since been made private, Pyrotechnics has a copy of the video in its possession that it can provide to the Court.

49.     fireTEK and XFX have infringed (and continues to infringe), and caused others to infringe, Pyrotechnics' exclusive rights under 17 U.S.C. § 106 by the unauthorized importation, distribution, display, use and sale of Infringing Goods that incorporate, copy, or use the Protocol.

50.     The Copyright Act authorizes awards of statutory damages of up to $150,000 per work for willful infringements and awards of attorney's fees to the prevailing party, among other relief.  17 U.S.C. § 504.

51.     The Copyright Act also grants this Court the authority to issue injunctive relief on a nationwide basis to prevent further infringements such as the infringing acts that have been committed and continue to be committed by XFX and fireTEK.  17 U.S.C. § 502.

52.     Pyrotechnics has been (and continues to be) irreparably harmed by Defendants' continued copyright infringement and unfair competition as described herein for which there is no adequate remedy at law.  Unless restrained by the Court, Pyrotechnics will continue to be irreparably injured by Defendants' unlawful conduct.

## COUNT I:  COPYRIGHT INFRINGEMENT

53.     Pyrotechnics repeats and incorporates by reference, as if fully set forth herein, paragraphs 1 through 52 above.

54.     Pyrotechnics is the copyright owner of the Protocol as described above.

55.     Pyrotechnics has not authorized fireTEK or XFX to make any use of Pyrotechnics' copyrighted work by copying, reproducing, displaying, importing, distributing or selling any Infringing Goods.

56.     Defendants' importation, distribution, display, and sale of the Infringing Goods has violated (and continues to violate) the exclusive rights of Pyrotechnics under 17 U.S.C. § 106 in the Protocol.  Among other things, and without limitation, Defendants have copied the

copyrighted works of Pyrotechnics, imported or caused to be imported those copies to the United States, and displayed and distributed those copies for sale within this judicial district and throughout the United States.

57. Defendants' acts complained of herein violate 17 U.S.C. § 106 of the Copyright Act, and have been undertaken in reckless and willful disregard for Pyrotechnics' rights in and to its copyrights.

58. Unless and until enjoined by this Court, the acts of Defendants complained of herein will continue unabated, all to the continuing damage and detriment of Pyrotechnics, for which Pyrotechnics has no adequate remedy at law.

### COUNT II:  TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

59. Pyrotechnics repeats and incorporates by reference, as if fully set forth herein, paragraphs 1 through 58 above.

60. Upon information and belief, Defendants have intentionally and improperly interfered with, and continue to interfere with, Pyrotechnics' prospective contractual relationships with customers by inducing or otherwise causing them not to enter into contracts with Pyrotechnics by marketing and selling products that infringe upon Pyrotechnics' copyrighted Protocol.

61. Such interference by Defendants is not privileged.

62. As a direct and proximate result of Defendants' wrongful conduct, Pyrotechnics has been damaged in its business and reputation, has suffered irreparable harm and will continue to suffer immediate and irreparable harm unless and until Defendants are enjoined from their wrongful conduct.

63.     Pyrotechnics' remedies at law are not adequate, and it cannot be fully compensated by an award of money damages alone.

64.     Defendants' wrongful acts, as more fully described above, will continue unless enjoined.

## COUNT III:  UNFAIR COMPETITION

65.     Pyrotechnics repeats and incorporates by reference, as if fully set forth herein, paragraphs 1 through 64 above.

66.     Pyrotechnics and Defendants compete against one another in the pyrotechnics industry, as each sells digital pyrotechnics firing systems.

67.     Pyrotechnics has a legitimate business interest in the copyrighted Protocol that is being unlawfully infringed by Defendants, as alleged above, and in protecting its customer relationships from unlawful interference.

68.     Defendants have engaged in deliberate acts of unfair competition against Pyrotechnics including, but not limited to, Defendants' infringement of Pyrotechnics' copyright and Defendants' intentional interference with Pyrotechnics' prospective contractual relationships.

69.     As a direct and proximate result of Defendants' wrongful conduct, Pyrotechnics has suffered damages and immediate and irreparable harm and will continue to suffer such harm and damage unless and until Defendants are enjoined from such conduct.

## REQUESTED RELIEF

WHEREFORE, Pyrotechnics prays that judgment be entered in its favor and against Defendants, as follows:

   a.     The Court adjudge and declare that Defendants have infringed Pyrotechnics' copyright in violation of 17 U.S.C. § 101, *et seq.*;

   b.  The Court award Pyrotechnics statutory damages under the Copyright Act in the amount of $150,000 per work infringed, actual damages, and exemplary damages for Defendants as determined by the Court for Defendants' willful infringing acts;

   c.  The Court award Pyrotechnics its actual, exemplary, and punitive damages arising out of Defendants' copyright infringement, tortious interference with prospective contractual relations, and unfair competition, plus the profits derived by Defendants' wrongful use of Pyrotechnics' copyrighted works;

   d.  The Court permanently enjoins Defendants, their officers, agents, servants, and employees as well as those persons or affiliated companies in active concert or participation with them, from infringing any of Pyrotechnics' exclusive rights under the Copyright Act, including but not limited to, importing, distributing, displaying, copying and selling copies of Pyrotechnics' copyrighted works;

   e.  The Court award Pyrotechnics' its costs and expenses, including reasonable attorneys' fees; and

   f.  The Court grant such further and additional relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Pyrotechnics requests a trial by jury as to all issues so triable.

Respectfully submitted:

DENTONS COHEN & GRIGSBY P.C.

By: */s/ Kevin C. Harkins*
    Kevin C. Harkins
    PA. I.D. No. 59915
    Fred L. Tolhurst
    PA. I.D. No. 22040
    Lucy E. Hill
    PA. I.D. No. 323731

DENTONS COHEN & GRIGSBY P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
(412) 297-4900

Counsel for Plaintiff,
Pyrotechnics Management, Inc.

Dated: April 27, 2021
3060756.v2

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2021, the foregoing Amended Complaint was filed with the Court electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Kevin C. Harkins*
