IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PYROTECHNICS MANAGEMENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 2:19-cv-00893-RJC |
| ) | |
| XFX PYROTECHNICS LLC and fireTEK, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF PYROTECHNICS MANAGEMENT, INC.'S BRIEF IN SUPPORT OF
ITS MOTION TO COMPEL DISCOVERY**

Plaintiff, Pyrotechnics Management, Inc. (hereinafter "Pyrotechnics"), by its counsel, Dentons Cohen & Grigsby P.C., files the following Brief in Support of its Motion to Compel Discovery pursuant to Federal Rule of Civil Procedure 37 ("Rule"). In support thereof, Pyrotechnics states as follows:

## I.     INTRODUCTION

Pyrotechnics seeks to compel fireTEK to respond to its discovery requests related to fireTEK's FTQ-16x64 channel module.   fireTEK has refused to produce information related to its new infringing module in response to Pyrotechnics' discovery requests.  Information regarding the new infringing module is squarely responsive to Pyrotechnics' requests and relevant to this matter.

## II.     RELEVANT BACKGROUND

Pyrotechnics, a manufacturer of digital pyrotechnics firing systems and related products, filed its Complaint on July 24, 2019, asserting claims for copyright infringement, tortious interference with prospective contractual relations, and unfair competition arising from

Defendants' copying, reproducing, importing, distributing, and selling fireTEK routers that incorporated Pyrotechnics' copyrighted command/control protocol.  (*See* ECF Doc. 1.) Pyrotechnics, known in the pyrotechnics industry as "FireOne", based the allegations in the Complaint on the fact that fireTEK was making claims that it had a router that could control FireOne's field modules.  (*See generally* ECF Doc. 1.)  In order to communicate with Pyrotechnics' products, the fireTEK routers would have to copy Pyrotechnics' copyrighted command/control protocol. (*See generally* ECF Doc. 1.)  Pyrotechnics sought a preliminary injunction against Defendants based upon their copyright infringement. (ECF No. 55.)  A hearing on the motion for preliminary injunction was held on August 19, 2020, and oral argument was held on February 18, 2021. (ECF No. 89; ECF No. 116.)  This Court granted the preliminary injunction on March 11, 2021, enjoining Defendants from "importing, distributing, or selling any products that infringe upon Plaintiff's copyrighted command/control protocols as registered under Registration Number TX 8-738-709, including but not limited to the fireTEK routers that incorporate or transmit those command/control protocols." (ECF No. 119.)

On March 4, 2021, while awaiting a decision on its Motion for Preliminary Injunction against Defendants, Pyrotechnics learned via a YouTube video that fireTEK had developed a new product that infringed upon its copyrighted command/control protocol, as this video demonstrated a fireTEK module (the "Module") communicating with a FireOne control panel, something that would only be possible if the fireTEK module copied Pyrotechnics' command/control protocol.  (ECF Nos. 134 & 135; Am. Compl. ¶¶ 40-43.)  fireTEK has sold these new infringing modules to users in the United States since Fall 2020, and is continuing to offer these new modules for sale in the United States on its website. (Am. Compl. ¶¶ 44-48.)  On

April 27, 2021, Pyrotechnics filed an Amended Complaint to include the new infringing product in its action. (ECF No. 132.)

On March 12, 2021, Pyrotechnics served Plaintiff's First Set of Interrogatories and Requests for the Production of Documents and Things on fireTEK (the "Requests"), seeking, *inter alia*, information relevant to the fireTEK's new infringing Modules. A copy of the Requests is attached hereto as Exhibit A. fireTEK responded to the Requests on April 13, 2021, claiming that the Modules sold in the United States do not employ, use, or contain the Protocol, and that there is a separate "F1 Option" interface not sold in the United States that must be used to make the Modules compatible with the Protocol. As such, fireTEK refused to produce any documents relating to those Modules. A copy of those responses is attached hereto as Exhibit B.

On April 19, 2021, Pyrotechnics sent a discovery deficiency letter to fireTEK. A copy of that letter is attached hereto as Exhibit C. The parties met and conferred about the discovery dispute on April 27, 2021, and had a pre-discovery motion conference with this Court on May 4, 2021. In advance of the conference with the Judge, Pyrotechnics sent a letter to the Court attaching the video showing the Module communicating with FireOne products. A copy of that letter is attached hereto as Exhibit D. Despite these efforts to resolve the discovery dispute, fireTEK has not consented to provide the requested discovery.

### III.   ANALYSIS

#### a.   Legal Standard

Under Rule 37, a party may move for an order compelling production when it has failed to receive requested discoverable information. *See* Fed. R. Civ. P. 37(a)(1), (3)(B)(iv). In the context of a Rule 37 motion, "[t]he moving party bears the initial burden of showing that the requested discovery is relevant." *Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc.*, 19-

CV-513, 2021 WL 1224112, at *2 (E.D. Pa. Apr. 1, 2021) (citing *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001)). "The burden then shifts to the party opposing discovery to articulate why discovery should be withheld." *Id.* The opposing party must show with specificity "why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Royal Mile Co., Inc. v. UPMC and Highmark Inc.*, 2:10-CV-01609-JFC, 2016 WL 6915978, at *3 (W.D. Pa. June 24, 2016) (internal quotations omitted).

The scope of discovery under Rule 26 is broad. *Penn Eng'g*, WL 1224112, at *2. Pursuant to Rule 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance in the context of Rule 26(b)(1) "has been 'construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on any issue that is or may be the case.'" *Perez v. Blhazhkevych*, 3:15-CV-1341, 2016 WL 1337666, at *2 (M.D. Pa. Apr. 4, 2016) (quoting *Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978)).

1. *Request for Inspection of Modules*

Pyrotechnics has requested that fireTEK produce for forensic inspection and examination "one specimen of fireTEK's FTQ 16x64 channel module." (Ex. A at 6.) fireTEK stated in its response that the FTQ-16x64 module is only compatible with FireOne products through an additional interface called the "F1 Option." (Ex. B at 4.) fireTEK has consented to produce a Module that does not contain the Protocol,[1] but has refused to produce a Module including or using the F1 Option. (Ex. B at 4.) fireTEK contends that there is a different version of the

---

[1] Notably, as of the date of this motion, fireTEK has not yet produced this version of the Module to Pyrotechnics, despite its agreement to do so.

Module sold in the United States that requires the F1 Option to be compatible with Pyrotechnics' product, and that it is not required to produce the F1 Option.

Here, the F1 Option has no other purpose other than to enable the Modules to communicate with FireOne products. This is an obvious attempt to evade the Court's injunction by using the F1 Option as a translating device that enables the Modules as sold in the United States to be compatible with FireOne products. Put another way, fireTEK has translated the Pyrotechnics' Protocol into another version (i.e. a translation) of the very same command code. fireTEK then constructs its Module to produce the translation of the Protocol and adds the "F1 Option" to the Module to change the command code back to Pyrotechnics' original Protocol. fireTEK asserts that this scheme justifies their sales of the Modules in the United States because the Module does not generate the Protocol in its native (i.e. Pyrotechnics') form unless the Module is paired with the "F1 Option." This is not the case, as Pyrotechnics' copyright in the Protocol includes the translations in the Modules, because copyright in a copyrighted work includes copyright in all translations of the copyrighted work.

Pyrotechnics needs both the Module and the F1 Option in order to conduct forensic examination and testing to verify whether there are in fact two different products and whether this new product infringes upon its Protocol. Testing of the F1 Option will demonstrate that the output commands of the Module are nothing more than a translation of Pyrotechnics' Protocol. If Pyrotechnics can prove that the output of the Modules are merely a translation of Pyrotechnics' Protocol (which it can readily do with possession of the F1 Option), then it can show that the translation constitutes an infringement of Pyrotechnics' copyright – irrespective of any capability to interact with Pyrotechnics' routers.

*2. Interrogatories and Requests for Production*

Pyrotechnics has requested that fireTEK produce information relating to its sales of the Modules in the United States. Specifically, Pyrotechnics has requested fireTEK's responses to the following interrogatories:

> 2. Identify each person or entity with whom fireTEK communicated regarding the fireTEK Products in an attempt to market, distribute or sell the fireTEK Products in the United States.
>
> 3. Identify each person or entity to whom fireTEK actually sold or offered for sale or demonstration a fireTEK Product in the United States, the date on which such fireTEK Product was sold, the price paid for that fireTEK Product, and specific model number of the fireTEK Product sold.

(Ex. A at 6.)

fireTEK responded to these interrogatories by stating:

> 2. Other than communication related to this lawsuit, there are no other fireTEK products (as defined by Plaintiff) in the United States and no other parties.
>
> 3. There have been no offers for sale or demonstrations as there have been no sales of fireTEK products (as defined by Plaintiff) in the United States.

(Ex. B at 4.)

Pyrotechnics has also requested for production:

> 1. Documents reflecting all communications between XFX and fireTEK relating to the fireTEK Products.
>
> 2. Documents reflecting all communications from fireTEK to any person or entity in an attempt to import, market, distribute, or sell the fireTEK Products in the United States.
>
> 3. Documents reflecting all sales of the fireTEK Products in the United States.

(Ex. A at 7.) fireTEK responded to these Requests: "None other than what has previously been produced," "None," and "None" respectively. (Ex. B at 4.)

fireTEK has taken the position that it need not respond to these Requests because the Module as sold in the United States does not contain the F1 Option, and therefore, does not meet Pyrotechnics' definition of a "fireTEK Product." The definition of "fireTEK Products" in Pyrotechnics' discovery is:

> The "fireTEK Product(s)" shall refer to any and all fireTEK products that are compatible with or have capability to control Pyrotechnics' FireOne products, or that employ, use, or contain the copyrighted Protocol.

(Ex. A at 2.) As stated above, fireTEK contends that the Module is only compatible with FireOne products through the additional F1 Option, and that all Modules in the United States do not contain the F1 Option. However, in the video supplied to the Court, the Module listed for sale on fireTEK's website in the United States is shown communicating with and controlling FireOne products without any additional interface, which meets the above definition. Moreover, as described above, the Modules as sold in the United States employ, use, or contain a translated version of the Protocol; the F1 Option is simply required to convert to translate the code transmitted by the Modules back into Pyrotechnics' Protocol. Pyrotechnics requires information about the sales of the Modules in the United States to assess its potential damages. Pyrotechnics also plans to seek third-party discovery from the American individuals identified as having purchased those Modules to determine whether any of the products sold contains the F1 Option.

Based on the foregoing, fireTEK's responses to Pyrotechnics' discovery requests were inadequate because, despite fireTEK's contention, the new Module falls under the definition of "fireTEK Products" as set forth above and discovery related to the Module is well within the scope of discovery in this matter because information about and access to this Module are relevant to the issue of whether fireTEK is infringing on Pyrotechnics' copyright. Thus, this Court should compel fireTEK to respond to these requests.

## IV. CONCLUSION

WHEREFORE, Plaintiff Pyrotechnics Management, Inc. respectfully requests that this Court enter an order compelling Defendant fireTEK to produce a Module along with the "F1 Option" for inspection responsive to Request for Inspection No. 1 of Plaintiff's First Set of Interrogatories and Requests for the Production of Documents and Things, respond in full to Interrogatories 2 and 3, and produce all documents and information responsive to Requests for Production Nos. 1, 2, and 3.

>Respectfully submitted,
>
>DENTONS COHEN & GRIGSBY P.C.
>
>By: _/s/   Lucy E. Hill_
>   Kevin C. Harkins (Pa. I.D. 59915)
>   Fred L. Tolhurst (Pa. I.D. 22040)
>   Lucy E. Hill (Pa. I.D. 323731)
>   kevin.harkins@dentons.com
>   fred.tolhurst@dentons.com
>   lucy.hill@dentons.com
>
>   625 Liberty Avenue
>   Pittsburgh, PA 15222-3152
>   Ph: (412) 297-4900 / Fax: (412) 209-0672
>   Counsel for Plaintiff,
>   Pyrotechnics Management, Inc.

Dated:  May 11, 2021

-9-

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2021 pursuant to Federal Rule of Civil Procedure 5 and Local Rule 5.6 of the United States District Court for the Western District of Pennsylvania, the foregoing Brief in Support of Plaintiff's Motion to Compel has been served by electronic means through the Court's transmission facilities on the counsel of record.  Parties may access this filing through the Court's ECF system.

*/s/  Lucy E. Hill*
