# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PYROTECHNICS MANAGEMENT, INC., | : | |
| Plaintiff, | : | Civil Action No. 2:19-cv-00893 |
| vs. | : | |
| XFX PYROTECHNICS LLC and fireTEK, | : | JURY TRIAL DEMANDED |
| Defendants | : | |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT IN CIVIL ACTION, AFFIRMATIVE DEFENSES, and CROSS-CLAIM

The Defendant, XFX Pyrotechnics LLC (hereinafter "XFX"), by and through its attorneys, Joseph W. Cavrich, Esq., and the law firm of Andrews & Price LLC, file the following Answer to Plaintiff's Amended Complaint in Civil Action, Affirmative Defenses, and Cross-Claim, averring as follows:

## ANSWER

## PRELIMINARY STATEMENT

1. The averments of Paragraph 1 constitute conclusions of law to which no response is required.

## THE PARTIES

2. Admitted.

3. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 3. Said averments are therefore denied and strict proof is demanded.

4. The averments of Paragraph 4 are directed to another Defendant.

5. The averments of Paragraph 5 are directed to another Defendant.

6.      The averments of Paragraph 6 are directed to another Defendant.

7.      XFX denies that it is a Pennsylvania Company. To the contrary, XFX is a registered Delaware LLC. XFX admits that has a place of business at 44 Ridgewood Drive, McDonald, Pennsylvania 15057.

8.      XFX admits that it distributes and offers for sale fireTEK's digital pyrotechnics firing systems in the United States. XFX is without knowledge or information sufficient to admit or deny Plaintiff's allegation that XFX distributes and offers for sale fireTEK's "related products", as Plaintiff fails to define "related products". Strict proof is demanded.

9.      Admitted.

## JURISDICTION AND VENUE

10.     The averments of Paragraph 10 constitute conclusions of law to which no response is required.

11.     The averments of Paragraph 11 constitute conclusions of law to which no response is required.

12.     The averments of Paragraph 12 constitute conclusions of law to which no response is required.

13.     The averments of Paragraph 13 constitute conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

14.     Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 14. Said averments are therefore denied and strict proof is demanded.

15.     Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 15. Said averments are therefore denied and strict proof is demanded.

16. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 16. Said averments are therefore denied and strict proof is demanded.

17. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 17. Said averments are therefore denied and strict proof is demanded.

18. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 18. Said averments are therefore denied and strict proof is demanded.

19. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 19. Said averments are therefore denied and strict proof is demanded.

20. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 20. Said averments are therefore denied and strict proof is demanded.

21. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 21. Said averments are therefore denied and strict proof is demanded.

22. The averments of Paragraph 22 constitute conclusions of law to which no response is required.

23. The averments of Paragraph 23 constitute conclusions of law to which no response is required.

24. The averments of Paragraph 24 are directed to another Defendant.

25. The averments of Paragraph 25 are directed to another Defendant.

26. The averments of Paragraph 26 are directed to another Defendant.

27. The averments of Paragraph 27 are directed to another Defendant.

28. The averments of Paragraph 28 are directed to another Defendant.

29. The averments of Paragraph 29 are directed to another Defendant.

30. The averments of Paragraph 30 are directed to another Defendant.

31. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 30. Said averments are therefore denied and strict proof is demanded.

32. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 31. Said averments are therefore denied and strict proof is demanded.

33. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 32. Said averments are therefore denied and strict proof is demanded.

34. XFX admits that is a distributor of fireTEK products. XFX denies that it has ever distributed a fireTEK product which allegedly incorporated Plaintiff's "Protocol" (as defined in Plaintiff's Complaint), or which permitted a fireTEK router to control Plaintiff's FireOne field modules. Strict proof to the contrary is demanded.

35. The averments of Paragraph 35 constitute conclusions of law to which no response is required. To the extent to which it may be judicially determined that a response is required, XFX incorporates herein its response to Paragraph 34 of Plaintiff's Amended Complaint, as if same were set forth at length herein. Strict proof to the contrary is demanded.

36. Defendant admits that Plaintiff authored a letter to XFX complaining of alleged infringing activities with respect to the Protocol. Defendant denies that it has engaged in any infringing activities with respect to the Protocol. Strict proof is demanded.

37. XFX admits that it has not made any written response to the letter from Plaintiff. Defendant is without sufficient knowledge or information to admit or deny whether fireTEK made a written response to the letter from Plaintiff, or as to any alleged communications between representatives of Plaintiff and representatives of fireTEK. Said averments are therefore denied and strict proof is demanded.

38. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 38. Said averments are therefore denied and strict proof is demanded.

39. Defendant admits that the document attached to Plaintiff's Complaint as Ex. F. lists a phone number for an XFX employee. Defendant denies that the document attached to Plaintiff's Complaint as Ex. F lists a phone number for Mr. Piacquadio. Defendant further denies that it had any involvement in the creation or distribution of the advertisement attached to Plaintiff's Complaint as Ex. F. Strict proof to the contrary is demanded.

40. The averments of Paragraph 40 are directed to another Defendant.

41. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 41. Said averments are therefore denied and strict proof is demanded.

42. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 42. Said averments are therefore denied and strict proof is demanded.

43. Defendant is without knowledge or information sufficient to admit or deny the averments of Paragraph 43. Said averments are therefore denied and strict proof is demanded.

44. The averments of Paragraph 44 are directed to another Defendant.

45. XFX admits that Plaintiff authored a letter to XFX complaining of alleged infringing activities with respect to alleged new infringing fireTEK modules. Defendant denies that it has engaged in any infringing activities with respect to the Protocol or other products. Strict proof is demanded.

46. The averments of Paragraph 46 are directed to another Defendant.

47. The averments of Paragraph 47 are directed to another Defendant.

48. The averments of Paragraph 48 are directed to another Defendant.

49. The averments of Paragraph 49 constitute conclusions of law to which no response is required.

50. The averments of Paragraph 50 constitute conclusions of law to which no response is required.

51. The averments of Paragraph 51 constitute conclusions of law to which no response is required.

52. The averments of Paragraph 52 constitute conclusions of law to which no response is required.

## COUNT I : COPYRIGHT INFRINGEMENT

53. Defendant incorporates by reference its responses to Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. The averments of Paragraph 54 constitute conclusions of law to which no response is required.

55. The averments of Paragraph 55 constitute conclusions of law to which no response is required.

56. The averments of Paragraph 56 constitute conclusions of law to which no response is required.

57. The averments of Paragraph 57 constitute conclusions of law to which no response is required.

58. The averments of Paragraph 58 constitute conclusions of law to which no response is required.

WHEREFORE, Defendant respectfully requests that the Plaintiff's Complaint in Civil Action be dismissed with prejudice.

## COUNT II: TORITIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

59. Defendant incorporates by reference its responses to Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. The averments of Paragraph 60 constitute conclusions of law to which no response is required.

61. The averments of Paragraph 61 constitute conclusions of law to which no response is required.

62. The averments of Paragraph 62 constitute conclusions of law to which no response is required.

63. The averments of Paragraph 63 constitute conclusions of law to which no response is required.

64. The averments of Paragraph 64 constitute conclusions of law to which no response is required.

WHEREFORE, Defendant respectfully requests that the Plaintiff's Complaint in Civil Action be dismissed with prejudice.

## COUNT III: UNFAIR COMPETITION

65. Defendant incorporates by reference its responses to Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66. Admitted.

67. The averments of Paragraph 67 constitute conclusions of law to which no response is required.

68. The averments of Paragraph 68 constitute conclusions of law to which no response is required.

69.     The averments of Paragraph 69 constitute conclusions of law to which no response is required.

## REQUESTED RELIEF

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested and asks that Plaintiff's Complaint in Civil Action be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

70.     The averments contained in the "Wherefore" clauses in the Plaintiffs' Complaint are conclusions of law to which no response is required. To the extent that a response is required, the averments contained therein are denied and strict proof thereof is demanded at the time of trial. The Defendants deny that the Plaintiff is entitled as a matter of law or fact to any relief requested thereunder.

### Second Affirmative Defense

71.     Any and all injuries and/or damages sustained by Plaintiff were not the result of any action or inaction on the part of these Defendants.

### Third Affirmative Defense

72.     If Plaintiff suffered any injuries or damages, Plaintiff failed to properly mitigate its damages.

### Fourth Affirmative Defense

73.     Plaintiff's claims are or may be barred in whole or in part by the doctrines of estoppel, waiver, laches and/or unclean hands.

### Fifth Affirmative Defense

74. Defendant expressly reserves the right to amend this Answer to include additional defenses which may become available during the course of discovery in this case.

### Sixth Affirmative Defense

75. Any devices or technology allegedly supplied by XFX which were used for the alleged copyright infringement are capable of commercially significant noninfringing uses.

### Seventh Affirmative Defense

76. The devices or technology allegedly copied do not cover matter or elements within the scope of the protection afforded by the Plaintiff's copyright.

### Eighth Affirmative Defense

77. Plaintiff's copyright does not protect XFX's procedures, processes, systems, or methods of operation.

### Ninth Affirmative Defense

78. The use of Plaintiff's copyrighted work to gain an understanding of unprotected functional elements is a fair use of the copyrighted work.

### Tenth Affirmative Defense

79. XFX's actions were, at all material times hereto, taken for their own legitimate economic interests.

### Eleventh Affirmative Defense

80. XFX was, at all times material hereto, engaged in legitimate business competition.

### Twelfth Affirmative Defense

81. XFX's actions were, at all times material hereto, an essential part of its business operations or consistent with industry norms.

WHEREFORE, Defendant respectfully requests that the Plaintiff's Complaint in Civil Action be dismissed with prejudice.

## CROSS-CLAIM OF DEFENDANT, XFX PYROTECHNICS LLC, AGAINST DEFENDANT, FIRETEK

82. Defendant incorporates by reference Paragraphs 1 through 81 of the within Answer and New Matter to Plaintiff's Complaint as if fully set forth herein.

83. Defendant XFX has specifically denied all allegations against it asserted by Plaintiff.

84. If Defendant XFX is found liable to Plaintiff, either through judgment, settlement, or otherwise, then its liability was caused by the acts of Defendant, fireTEK.

85. Defendant XFX is therefore entitled to contribution and/or indemnification from Cross-Claim Defendant, FireTEK, for all sums which it pays or is adjudged liable to pay through settlement, judgment, or otherwise.

WHEREFORE, pursuant to F.R.C.P. 13(g), Defendant XFX demands judgment for contribution and/or indemnification from Defendant FireTEK, plus interest and costs.

Date:  May 12, 2019                     Respectfully submitted,

**ANDREWS & PRICE**

By: /s/ Joseph W. Cavrich, Esq.
Joseph Cavrich, Esquire
Pa. I.D. #52693

1500 Ardmore Boulevard, Ste. 506
Pittsburgh, PA  15221
(412) 243-9700
Attorneys for Defendant, XFX Pyrotechnics LLC

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the United Judicial System of Pennsylvania: Case records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

          Respectfully submitted,

          **ANDREWS & PRICE LLC**

By:   /s/ Joseph W. Cavrich
       Joseph W. Cavrich, Esq.
       Firm No. 549
       1500 Ardmore Boulevard, Suite 506
       Pittsburgh, PA  15221
       (412) 243-9700
       Attorneys for XFX Pyrotechnics, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2021, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.

/s/ Joseph W. Cavrich
Joseph W. Cavrich, Esq.

## **VERIFICATION**

I, Ralph Piacquadio, Member of XFX Pyrotechnics LLC, hereby verify that the statements made in the within ANSWER TO PLAINTIFF'S AMENDED COMPLAINT are true and correct based on my personal knowledge and information. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

Dated: May 12, 2021

_____
Ralph Piacquadio