**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PYROTECHNICS MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:19-cv-00893-RJC |
| | ) | |
| | ) | |
| XFX PYROTECHNICS LLC and fireTEK, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF PYROTECHNICS MANAGEMENT, INC.'S BRIEF IN OPPOSITION TO FIRETEK'S MOTION FOR ISSUANCE OF A REQUEST UNDER 17 U.S.C. § 411(B)(2) TO THE REGISTER OF COPYRIGHTS**

Plaintiff, Pyrotechnics Management, Inc. (hereinafter "Pyrotechnics"), by its counsel, Dentons Cohen & Grigsby P.C., files the following Brief in Opposition to fireTEK's Motion for Issuance of a Request Under 17 U.S.C. § 411(b)(2) to the Register of Copyrights (the "Motion"). In support thereof, Pyrotechnics states as follows:

**I.       INTRODUCTION**

Prior to instituting this suit, fireTEK's principal Laurian Antoci informed Pyrotechnics' owner Daniel Barker that "if Pyrotechnics brought any legal proceeding against fireTEK, Mr. Antoci intended to delay and forestall any final decision in such a proceeding for years." (Opinion, ECF No. 118 at 60.)  fireTEK's latest Motion is little more than an attempt at further delaying these proceedings after this Court denied its request to stay discovery pending its appeal.  Though fireTEK claims it needs an advisory opinion from the Register regarding supposed inaccuracies in Pyrotechnics' copyright prior to proceeding with the case, no motion to invalidate Pyrotechnics' copyright on the basis of those inaccuracies is currently before the Court.  Moreover, in attempt to manufacture "inaccuracies" in Pyrotechnics' copyright

registration statement, fireTEK misrepresents the factual record and attempts to relitigate legal issues already rejected by this Court at the preliminary injunction stage.  This Court should deny fireTEK's Motion as a specious attempt at delaying this case from proceeding on the merits.

## II.    RELEVANT PROCEDURAL BACKGROUND

Pyrotechnics, a manufacturer of digital pyrotechnics firing systems and related products, filed its Complaint on July 24, 2019, asserting claims for copyright infringement, tortious interference with prospective contractual relations, and unfair competition arising from Defendants' copying, reproducing, importing, distributing, and selling fireTEK routers that incorporated Pyrotechnics' copyrighted command/control protocol.  (*See* ECF Doc. 1.)  Pyrotechnics, known in the pyrotechnics industry as "FireOne", based the allegations in the Complaint on the fact that fireTEK was making claims that it had a router that could control FireOne's field modules.  (*See generally* ECF Doc. 1.)  In order to communicate with Pyrotechnics' products, the fireTEK routers would have to copy Pyrotechnics' copyrighted command/control protocol. (*See generally* ECF Doc. 1.)

Pyrotechnics sought a preliminary injunction against Defendants based upon their copyright infringement.  (ECF No. 55.)  A hearing on the motion for preliminary injunction was held on August 19, 2020, and oral argument was held on February 18, 2021.  (ECF No. 89; ECF No. 116.)  This Court granted the preliminary injunction on March 11, 2021, enjoining Defendants from "importing, distributing, or selling any products that infringe upon Plaintiff's copyrighted command/control protocols as registered under Registration Number TX 8-738-709, including but not limited to the fireTEK routers that incorporate or transmit those command/control protocols."  (ECF No. 119.)  On April 27, 2021, Pyrotechnics filed an Amended Complaint to include a new infringing module in its action.  (ECF No. 132.)

Defendants attempted to seek a stay of discovery pending their appeal of the preliminary

injunction. (ECF No. 124). That motion was denied on May 4, 2021. (ECF No. 136.) The

instant Motion followed.

### III.   DISCUSSION

#### A.  Legal Standard

Under 18 U.S.C. § 411(a), a plaintiff may not maintain suit under the Copyright Act

unless it has properly registered its copyright. *See* 18 U.S.C. § 411(a). A certificate of

registration satisfies that section:

> regardless of whether the certificate contains any inaccurate information*,* unless –
>
>> (A) the inaccurate information was included on the application for copyright
>> registration with knowledge that it was inaccurate; and
>> (B) the inaccuracy of the information, if known, would have caused the Register
>> of Copyrights to refuse registration.

17 U.S.C. § 411(b)(1). § 411(b)(2) further provides that:

> In any case in which inaccurate information described under paragraph (1) is alleged, the
> court shall request the Register of Copyrights to advise the court whether the inaccurate
> information, if known, would have caused the Register of Copyrights to refuse
> registration.

17 U.S.C. § 411(b)(2). The Register of Copyrights (the "Register") has described the purpose of

§ 411(b)(2) as follows:

> 17 U.S.C. § 411(b)(2) was amended to ensure that no court holds that a certificate is
> invalid due to what it considers to be a misstatement on an application without first
> obtaining the input of the Register as to whether the application was properly filed…

*DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 623 (7th Cir. 2013) (quoting

Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) at 10–11,

*Olem Shoe Corp. v. Wash. Shoe Co.*, No. 1:09–cv–23494 (S.D. Fla. Oct. 14, 2010)).

fireTEK incorrectly asserts that this Court must seek the input of the Register without evaluating the alleged "inaccuracies" for itself.  This is not the case.  Although seeking an advisory opinion from the Register is mandatory where an application contains an inaccuracy, courts have recognized that "§ 411(b)(2) creates a serious potential for abuse by introducing a mechanism by which infringers can throw up roadblocks to merited infringement lawsuits." *Schenck v. Orosz*, 105 F. Supp. 3d 812, 818 (M.D. Tenn. 2015); *see also Olem Shoe Corp. v. Washington Shoe Co.*, No. 09-23494-CIV, 2010 WL 3505100, at *3 n.3 (S.D. Fla. Sept. 3, 2010) (noting that "§ 411(b)(2) gives a party accused of copyright infringement another weapon to delay the proceedings in district court").  To avoid such abuse, courts have required a party seeking information under § 411(b)(2) to satisfy the following procedure prior to seeking input from the Register:

> Although the statute appears to mandate that the Register get involved "[i]n any case in which inaccurate information [in an application for copyright registration] is alleged," 17 U.S.C. § 411(b)(2), input need not be sought immediately after a party makes such a claim.  Instead, courts can demand that the party seeking invalidation first establish that the other preconditions to invalidity are satisfied before obtaining the Register's advice on materiality.  In other words, a litigant should demonstrate that (1) the registration application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his submission to the Copyright Office.  17 U.S.C. § 411(b)(1)(A). Once these requirements are met, a court may question the Register as to whether the inaccuracy would have resulted in the application's refusal.  Aside from minimizing the risk that parties would use this provision as a delay tactic, this approach has the added benefit of an endorsement from the Register.  *See* Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) at 12, *Olem Shoe,* No. 1:09–cv–23494 ("[B]efore asking the Register whether she would have refused to register a copyright ... a court should feel free to determine whether there is in fact a misstatement of fact."). When faced with this situation in the future, courts should tread carefully and employ this mechanism only when necessary.

*DeliverMed*, 734 F.3d at 625; *see also, e.g., SellPoolSuppliesOnline.com LLC v. Ugly Pools Arizona Inc.*, No. CV-15-01856-PHX-BSB, 2017 WL 6420464, at *9 (D. Ariz. June 9, 2017); *Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F.Supp.3d 347, 348-49 (S.D.N.Y. 2016);

*Schenck*, 105 F. Supp.3d at 819 ("[T]he Register herself requested that district courts not refer questions to the Register based on allegations that are 'unsupported by any facts' in the record.").

   **B.  fireTEK Has Not Established a Misstatement of Fact**

   fireTEK asserts five supposed "inaccuracies" in Pyrotechnics' copyright registration for submission to the Register, none of which are factually supported or which justify a request to the Register.  Each will be addressed in turn.

   1. **"Whether the Copyright Register would have refused registration if it had known that Plaintiff was attempting to secure registration and claim protection in a 'computer program' or 'object code' instead of a 'text'" AND**

   2. **"Whether the Copyright Register would have refused registration if it had known that Plaintiff's deposit copy, claimed to be identifying material under 37 C.F.R. § 202.20 of another much larger work which exists only in machine readable form;"**

   The first two issues deal with Pyrotechnics' decision to register the Protocol as a literary work that exists only in machine-readable form; these issues are not true "inaccuracies," but rather fireTEK's attempt to relitigate issues that it lost during the preliminary injunction hearing. At that time, it tried to claim that Pyrotechnics' copyright was invalid, because Pyrotechnics had incorrectly registered its copyright as "literary work" and that the deposit copy was merely an "English text" rather than the entire code.  The Court rejected this argument, finding that:  "The Act's regulations permit[], for the copyright holder whose literary works exist only in machine readable form, to submit identifying material in the form of a deposit copy, as was done here.  37 C.F.R. 202.20.  Contrary to Defendants' assertions, Plaintiff properly submitted identifying material to register its copyright, rather than the entire code."  (Opinion, ECF No. 118, at 14 n.7.)

   Now, fireTEK also attempts to claim that Pyrotechnics did not comply with certain deposit material requirements under 37 C.F.R. § 202.20(c)(2)(vii)(A).  Again, this is not an "inaccuracy," but rather fireTEK's refusal to understand how Pyrotechnics properly registered its

work.  As Pyrotechnics has previously asserted, it registered its copyright as a machine-readable work pursuant to 37 C.F.R. § 202.20(c)(2)(viii), and the Court has already found that its deposit copy was proper pursuant to that provision, which requires only the submission of "identifying material" rather than the entire code.

Since fireTEK cannot show in the first instance that Pyrotechnics submitted any "inaccurate" information to the Copyright Office as to these two issues, the Court should deny its request to submit those issues to the Copyright Office pursuant to § 411(b).

**3. "Whether the Copyright Register would have refused registration if it had known that Plaintiff's deposit copy is only an English text (they call identifying material) which describes the material for which they claim protection;"**

Uncontrovertibly, the Copyright Office knew that the deposit copy was English text. That is inescapably apparent from the face of the registration application.  Apparently, fireTEK is intending to argue that the third "inaccuracy" is that Pyrotechnics "has merely filed for registration of the idea behind their Protocol, which cannot be protected."  (ECF No. 144 at 11.) Here, fireTEK does not identify any factual inaccuracy in the copyright application, but instead attempts to relitigate the legal issue of whether the Protocol constitutes protected expression, another issue that it lost at the preliminary injunction stage.  Again, this Court has already decided that the Protocol is expressive.  (*See* Opinion, ECF No. 118 at 15.)  Therefore, fireTEK cannot establish that this issue provides a basis for seeking the input of the Register.

**4. "Whether the Copyright Register would have refused registration if it had known that the registered work had multiple versions and Plaintiff registered their 'final perfected version', a recently updated variant, claiming the variant was first published in 1995."**

As to the fourth issue, fireTEK tries to claim that Pyrotechnics falsely represented that the Protocol was published in 1995 when instead what was registered was a recently updated variant.  This is false.  fireTEK mischaracterizes the testimony of Daniel Barker, the owner of

Pyrotechnics, in its attempt to fabricate this "inaccuracy."  Instead, Mr. Barker testified as

follows:

> Q. So what [sic] registered with the Copyright Office is different from what was published in 1995?
> A. No.  It's identical.
> Q. But didn't you just state that since 1995 you've been adding to the code?
> A. That's correct.  That doesn't mean that – what you see registered at the Copyright Office, which is an exhibit, is the base code… that's been the same from day one.

(ECF No. 106 at 75:8-:18.)  It is clear that the Protocol as registered was first published in 1995,

as this Court has also already found.  (Opinion, ECF No. 118 at 5.)

Similarly, fireTEK also twists Mr. Barker's words regarding the identifying material

submitted as the deposit copy to claim that the work was not published until the time of

registration:

> Q. Going back to your registration, Exhibit 14, this is what you deposited with the Copyright Office; correct?
> A. Yes. …
> Q. This document was developed after your work was published; right?
> A. No.  This document was developed in 1983 – or 1993, '95, somewhere in there.
> Q. Was this physical document published in that year?
> A. Not this exact document, no.  But the command and control protocol was copyrighted ….  The first time we made [Exhibit 14] a printed, published thing that you could find was when we did this in --- essentially in defense of Antoci's threat to publish it to the rest of the world.

(ECF No. 106 at 89:17-90:18.)  fireTEK is attempting to conflate the meaning of the "work"

itself and the description of that work – two different elements.  The "work" is the code that

exists in machine-readable form.  The record is clear that the machine-readable form of the

"work" was published in 1995.  At that time, a machine-readable version was included in a

product that was sold and used publicly.  The 1995 publication date has nothing to do with the

"identifying material."  Only fireTEK makes that spurious claim.  As this Court has already

found, the Protocol was published when it was fixed in hardware in 1995.  (Opinion, ECF No.

118 at 5.)  Conversely, the Protocol was not registered with the Copyright Office until it became

necessary to defend the Protocol against infringement by fireTEK, as is required by the very

statute fireTEK now relies upon in its Motion.  17 U.S.C. § 411(a) ("[N]o civil action for

infringement of the copyright in any United States work shall be instituted until preregistration or

registration of the copyright claim has been made in accordance with this title.").  Therefore, Mr.

Barker's statement that the deposit materials were not publicly available until after they were

filed with the Register says nothing about when the Protocol itself was created or published.  As

such, these statements cannot support a finding of a "inaccuracy" in the application for copyright

registration.

   5.  **"Whether the Copyright Register would have refused registration if it had
       known that the registered work is derivative from the source code of a computer
       program."**

       Finally, fireTEK falsely claims that the Protocol should have been registered as a

derivative work.  fireTEK's only basis for this is a statement by Mr. Barker that the Protocol "is

command and control code, which is code derived from source code, and the source code has to

know what the command and control code is to generate it.  So this is a derivation of the control

panel microprocessor."  (ECF No. 106 at 78:5-:9.)  This alternative use of the word "derivation"

in reference to the microprocessor is not fairly interpreted to mean that, somehow, the Protocol is

a derivative work within the meaning of copyright law.  Even if that were the case (which its

not), a copyright registrant is not required to disclose preexisting works of its own creation.  *See*

*LEGO A/S v. Best-Lock Constr. Toys, Inc.*, 404 F. Supp. 3d 583, 600 (D. Conn. 2019) (collecting

caselaw and rejecting a claim of "inaccuracy" under § 411(b) for failure to disclose that a work

was supposedly derivative of its own prior work).  Therefore, this statement cannot support a

finding of "inaccuracy" in the copyright application.

### C.  Even If the Court Grants the Motion, The Case Should Proceed on the Merits.

As previously mentioned, prior to instituting this suit, Mr. Antoci informed Mr. Barker that "if Pyrotechnics brought any legal proceeding against fireTEK, Mr. Antoci intended to delay and forestall any final decision in such a proceeding for years."  (Opinion, ECF No. 118 at 60.) Based on fireTEK's statements relating to Pyrotechnics' Motion to Compel Discovery, it erroneously appears to believe that it has succeeded in delaying discovery by filing the instant Motion.  (*See* ECF No. 145.)  This is incorrect.  Even if this Court decides to grant fireTEK's Motion, 17 U.S.C. § 411(b) does not entitle fireTEK to a stay of the case:  "Nor does § 411(b)(2) require courts to stay proceedings while a court's request for an advisory opinion is pending. Absent unusual circumstances, discovery can continue apace…."  *Palmer/Kane LLC*, 188 F. Supp. 3d at 349; *see also Art of Design, Inc. v. Pontoon Boat, LLC*, No. 3:16-CV-595-JD-JEM, 2019 WL 3749990, at *3 (N.D. Ind. Aug. 8, 2019) (noting that "an advisory opinion will not end this litigation, so there is no point in delaying the case").

Defendants have already tried and failed to stay discovery in this case.  This Court should not countenance fireTEK's tactics to further delay discovery.  Similarly, "nothing in § 411(b)(2) prevents courts from imposing a deadline by which the Copyright Office must provide its response to the Court's request."  *Id.*  fireTEK has not sought summary judgment on the issue of the validity of Pyrotechnics' copyright, nor is trial currently pending.  Therefore, should the Court elect to seek an advisory opinion as to fireTEK's hypothetical questions, the Court can simply set a date for the Copyright Office to provide its advisory opinion before the Court again decides the validity issue.  There is no purpose or need for additional delay.

IV.     **CONCLUSION**

WHEREFORE, Plaintiff Pyrotechnics Management, Inc. respectfully requests that this Court deny fireTEK's Motion for Issuance of a Request Under 17 U.S.C. § 411(b)(2) to the Register of Copyrights.

Respectfully submitted,

DENTONS COHEN & GRIGSBY P.C.

By: _/s/  Lucy E. Hill_
    Kevin C. Harkins (Pa. I.D. 59915)
    Fred L. Tolhurst (Pa. I.D. 22040)
    Lucy E. Hill (Pa. I.D. 323731)
    kevin.harkins@dentons.com
    fred.tolhurst@dentons.com
    lucy.hill@dentons.com

    625 Liberty Avenue
    Pittsburgh, PA 15222-3152
    Ph: (412) 297-4900 / Fax: (412) 209-0672
    Counsel for Plaintiff,
    Pyrotechnics Management, Inc.

Dated:  May 26, 2021
3644007.v1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 26, 2021 pursuant to Federal Rule of Civil Procedure 5 and Local Rule 5.6 of the United States District Court for the Western District of Pennsylvania, the foregoing Brief in Opposition to fireTEK's Motion for Issuance of a Request Under 17 U.S.C. § 411(b)(2) to the Register of Copyrights has been served by electronic means through the Court's transmission facilities on the counsel of record.  Parties may access this filing through the Court's ECF system.

*/s/  Lucy E. Hill*