IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PYROTECHNICS MANAGEMENT, INC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 19-cv-00893 |
| ) | |
| XFX PYROTECHNICS LLC, and ) | Hon. Robert J. Colville |
| FIRETEK. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Presently pending before the Court is a Motion to Compel Discovery filed on behalf of Plaintiff Pyrotechnics Management, Inc. (ECF No. 137). Plaintiff argues fireTEK has refused to produce information related to what Plaintiff avers is fireTEK's new infringing module, specifically, the FTQ-16x64 channel module ('the Module").

On March 12, 2021, Pyrotechnics served Plaintiff's First Set of Interrogatories and Requests for the Production of Documents and Things on fireTEK (the "Requests"), seeking, inter alia, information relevant to the Module. fireTEK responded to the Requests on April 13, 2021, claiming that the Modules sold in the United States do not employ, use, or contain the Protocol, and that there is a separate "F1 Option" interface not sold in the United States that must be used to make the Modules compatible with the Protocol. As such, fireTEK refused to produce any documents relating to those Modules. In addition to the briefs submitted by the parties and the attachments thereto, the Court has viewed the video provided to it by Pyrotechnics, showing what appears to be the Module communicating with FireOne products.

If produced, Plaintiff intends to conduct testing on the Module, using the same testing procedure it conducted on the fireTEK router in the fall of 2019, and has agreed to permit fireTEK representatives to attend said testing.

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides, inter alia:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Although Rule 26(b)(1) limits discovery to "relevant information," it is well settled that "discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action." *Caruso v. The Coleman Company*, 157 F.R.D. 344, 347 (E.D. Pa. 1994). "Relevance in a discovery context is construed more broadly than is relevance for trial." *Speller v. United States*, 14 Cl. Ct. 170, 172 (1988). As stated by the Supreme Court, relevancy for discovery purposes encompasses "any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). "[T]he discovery rules are meant to be construed quite liberally so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence." *Fidelity Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 534 (E.D. Pa. 1993).

Here, although fireTEK consented to produce a Module that does not contain the protocol at issue in this case, it has refused to produce a Module including or using the F1 Option. Plaintiff asserts its copyrighted work includes copyright in all translations of the copyrighted

work, hence it needs both the Module and the F1 Option to conduct forensic examination and testing to verify whether there are two different products and ultimately, to determine whether the new product infringes on Pyrotechnic's protocol.

Having reviewed the video supplied to the Court, it appears that the Module communicates and controls FireOne products. Pyrotechnics should be permitted to pursue the question of whether the Modules sold in the United States in fact employ or otherwise engage a translated version of the Protocol, in order to verify whether there are two separate products and if those products infringe on its copyright. Such information is centrally relevant to its causes of action.

In addition, Pyrotechnics requests, specifically in its Interrogatories and Requests for Production, information regarding fireTEK's sales of the Modules in the United States. fireTEK argues that it need not respond to these requests because the Module as sold in the United States does not contain the F1 Option, and therefore, does not meet Pyrotechnics' definition of a "fireTEK Product." However, should Plaintiff's suspicion be borne out, Plaintiff would be entitled to information relating to sales of the Modules in the United States so as to assess and recover damages.

Accordingly, the following order is entered.

AND NOW, this 8th day of June, 2021, Plaintiff's Motion to Compel (ECF No. 137) be and the same is hereby GRANTED. Defendant fireTEK shall produce a Module with the "F1 Option" for inspection in response to Request for Inspection No. 1 of Pyrotechnic's First Set of Interrogatories and Requests for the Production of Documents and Things, respond in full to

Interrogatories 2 and 3, and produce all documents and information responsive to Requests for Production Nos. 1, 2, and 3 within 5 days of this order.

                                                                 */s/ Robert J. Colville*
                                                                 Robert J. Colville
                                                                 United States District Judge

Cc: record counsel via CM-ECF