IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| PYROTECHNICS MANAGEMENT, INC, | ) |  |
|---|---|---|
| Plaintiff, | ) ) |  |
| v. | ) ) | Case No.: 19-cv-00893 |
| XFX PYROTECHNICS LLC, and | ) ) | Hon. Robert J. Colville |
| FIRETEK. | ) ) ) |  |
| Defendants. | ) |  |

**MEMORANDUM ORDER**

Presently pending before the Court is a motion filed on behalf of Defendant, fireTEK, which moves the Court to issue a request to the Copyright Office, pursuant to § 411(b)(2) of the Copyright Act, to advise whether that Office would have refused registration if it knew that certain information included in the underlying registration application was inaccurate, and that the case be stayed pending said request. For the reasons explained below, the Court will deny the motion.

The statute at issue provides:

> In any case in which inaccurate information described under paragraph (1) is alleged, the court <u>shall</u> request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

17 U.S.C. § 411(b)(2).

Paragraph (1) concerns inaccurate information that "was included on the application for copyright registration with knowledge that it was inaccurate," <u>id.</u> § 411(b)(1)(A), and, which, if known to the Copyright Office, "would have caused the Register of Copyrights to refuse registration," <u>id.</u> § 411(b)(1)(B). The provision is mandatory in nature, requiring district courts to solicit the advice of the Copyright Office when the statutory conditions are satisfied. *See, e.g., DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 623 (7th Cir.2013) ("[T]he statute

1

obligates courts to obtain an opinion from the Register ...."); *Roberts v. Gordy*, 181 F.Supp.3d 997, 1008, 2016 WL 1441465, at *9 (S.D. Fla. Apr. 8, 2016) ("When there is a question regarding the accuracy of the information contained on a registration, the Court's referral of the matter to the Register of Copyrights under § 411(b)(2) is mandatory"). Yet courts have recognized that the referral procedure is vulnerable to abuse and have urged caution. *See DeliverMed* 734 F.3d at 625 ("Given its obvious potential for abuse, we must strongly caution both courts and litigants to be wary of using this device in the future."); *Schenck v. Orosz*, 105 F.Supp.3d 812, 818 (M.D. Tenn. 2015) (articulating concern "that § 411(b)(2) creates a serious potential for abuse by introducing a mechanism by which infringers can throw up roadblocks to merited infringement lawsuits, simply by 'alleging' technical violations of the underlying copyright registrations").

The Seventh Circuit in *DeliverMed* held that courts are not required to seek immediate input from the Copyright Office after a party alleges the inclusion of knowingly inaccurate information in a copyright application. *DeliverMed*, 734 F.3d at 625. Indeed, "courts can demand that the party seeking invalidation first establish that the other preconditions to invalidity are satisfied before obtaining the Register's advice on materiality." *Id.* In other words, before making a referral to the Copyright Office under § 411(b)(2), a district court may require a litigant to "demonstrate that (1) the registration application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his submission to the Copyright Office." *Id.*

This approach balances the Copyright Office's statutory right to weigh in on the materiality of a knowing misrepresentation in an application for copyright registration, on the one hand, against the district court's "inherent power to control its own docket and to prevent abuse in its proceedings," on the other. *Ralph Lauren Corp. v. U.S. Polo Ass'n, Inc.,* 2014 WL 4377852, at *5 (S.D. N.Y. Sept. 4, 2014). That is particularly the case given that the Copyright Office itself has

2

taken the position that "before asking the Register whether she would have refused to register a copyright ... a court should feel free to determine whether there is in fact a misstatement of fact." *See* Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) at 12, *Olem Shoe Corp. v. Wash. Shoe Co.*, 09 Civ. 23494 (S.D. Fla.), ECF No. 209.

Defendant aptly notes the concern of other courts that this statutory mechanism could be improperly invoked by defendants as a delay tactic. Moreover, § 411(b) (2) does not require courts to stay proceedings while a court's request for an advisory opinion is pending. Absent unusual circumstances, discovery can continue. *Palmer/Kane LLC v. Rosen Book Works LLC,* 188 F. Supp. 3d 347, 348–49 (S.D. N.Y. 2016)

Here, fireTEK asks the Register of Copyrights to answer the following questions:

A. Whether the Copyright Register would have refused registration if it had known that Plaintiff was attempting to secure a registration and claim protection in a "computer program" or "object code" instead of a "text";

B. Whether the Copyright Register would have refused registration if it had known that Plaintiff's deposit copy, claimed to be identifying material under 37 C.F.R. § 202.20 of another much larger work which exists only in machine readable form;

C. Whether the Copyright Register would have refused registration if it had known that Plaintiff's deposit copy is only an English text (they called identifying material) which describes the material for which they claim protection;

D. Whether the Copyright Register would have refused registration if it had known that the registered work had multiple versions and Plaintiff registered their "final perfected version", a recently updated variant, claiming the variant was published in 1995; and

E. Whether the Copyright Register would have refused registration if it had known that the registered work was derived from the source code of a computer program.

(ECF No. 144 at 5).

The Court is particularly familiar with these issues because our ruling in granting the motion for preliminary injunction, which necessarily incorporated the likelihood of success on the merits in our analysis, addressed most, if not all, of them. The decision to grant injunctive relief

is now on appeal, and the parties are actively engaging in further discovery, the deadlines for which have been extended several times. Because we see no apparent inaccuracies based on the record before us sufficient to justify the relief requested and as required in the analysis here, we will deny the motion for issuance of a request under Section 411(b)(2), and hence, deny the request to stay this action further. In particular, there is no evidence before the Court at this time that the registrant knowingly included an inaccuracy in the submission to the Copyright Office. *See DeliverMed*, 734 F.3d at 625; *Rosen Book Works*, 2016 WL 3042895, at *2.

At the preliminary injunction phase, fireTEK argued that Pyrotechnic's copyright was invalid because it was registered as a literary work and the deposit text was an English text. We found, "[t]he Acts regulations permit[], for the copyright holder whose literary works exist only in machine readable form, to submit identifying material in the form of a deposit copy, as was done here. 37 C.F.R. 202.20. Contrary to Defendants' assertions, Plaintiff properly submitted identifying material to register its copyright, rather than the entire code." (ECF No. 118, at 14 n.7.) Pyrotechnics registered its copyright as a machine-readable work pursuant to 37 C.F.R. § 202.20(c)(2)(viii), and we found that its deposit copy was proper pursuant to that provision, which requires only the submission of "identifying material", not the entire code. We further ruled that the Protocol is expressive. (ECF No. 118 at 15).

The Protocol was registered once this lawsuit was instituted, and at that time deposit materials became available to the public; the machine-readable form of the work, however, was included in the product and published when it was fixed in hardware in 1995. There is no evidence that the Protocol was a derivative work, and further, that any alleged failure to disclose this to the Copyright Register was a legally-recognized inaccuracy sufficient to justify the relief fireTEK requests.

Accordingly, the following order is entered.

AND NOW, this 15th day of July, 2021, fireTEK's Motion for Issuance of a Request Under 17 U.S.C. § 411(b)(2) to the Register of Copyrights (ECF No. 143) and that the action be stayed be and the same is hereby DENIED without prejudice.

*/s/ Robert J. Colville*
Robert J. Colville
United States District Judge

Cc: record counsel via CM-ECF