IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PYROTECHNICS MANAGEMENT, INC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> XFX PYROTECHNICS LLC, and ) <br> ) <br> FIRETEK. ) <br> ) <br> ) <br> Defendants. ) | Case No.: 19-cv-00893 <br><br> Hon. Robert J. Colville |

### MEMORANDUM ORDER

Presently pending before the Court are the following motions filed by Defendant fireTEK: 1) a Motion to Compel Discovery (ECF No. 174); 2) a Motion for Extension of Discovery (ECF No. 186); and 3) another Motion to Compel Discovery (ECF No. 190). For the reasons set forth herein, the motions will be denied.

On June 15, 2021, fireTEK served discovery requests, to which Plaintiff Pyrotechnics Management Inc. responded on July 22, 2015. By Order dated July 13, 2021, discovery closed on August 31, 2021. (ECF No. 158). Updated responses to the June 15, 2021 discovery requests were provided by Plaintiff on August 17, 2021. On September 1, 2021, the Court extended discovery for, inter alia, "other matters previously preserved in compliance with the Court's prior discovery deadline." (ECF NO. 173). This order was entered principally to address the production of Mr. Lasut for deposition.

The court has reviewed the briefs submitted by the parties, which contain deposition excerpts of Daniel Barker, the owner of Pyrotechnics. He was deposed in August 2021.

Motions to compel discovery are governed by Federal Rule of Civil Procedure 37(a). The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26

1

of the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 26(b)(1) provides, inter alia:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Although Rule 26(b)(1) limits discovery to "relevant information," it is well settled that "discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action." *Caruso v. The Coleman Company*, 157 F.R.D. 344, 347 (E.D. Pa. 1994). "Relevance in a discovery context is construed more broadly than is relevance for trial." *Speller v. United States*, 14 Cl. Ct. 170, 172 (1988).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987).

The Federal Rules of Civil Procedure also set numerical limits on the number of discovery demands which a party may propound.  Rule 33(a)(1) of the Federal Rules of Civil Procedure, which governs interrogatories to parties, expressly provides that: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

In addition, our Local Rules require:

LCvR 37.2 FORM OF DISCOVERY MOTIONS

> Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37 shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.

fireTEK did not include such specificity in its motion, and the Court therefore ordered that the discovery requests at issue be emailed to the Court's law clerk. (ECF No. 104).

We find that Plaintiff's objection to the number of interrogatories is well-founded, and will sustain this objection. It is clear from representations made by Plaintiff's counsel, which do not appear to be in dispute, that the sum total of fireTEK's requests exceeds what is permissible under Rule 33(a)(1), and, furthermore, that fireTEK has not sought leave to exceed that limit. To the extent Plaintiff objects to the timeliness of the objections, we sustain the objection. Although our scheduling order allowed for consideration of "other matters previously preserved" (ECF No. 173), each Case Management Order clearly provided that "All interrogatories, depositions and requests for admissions and/or production of documents shall be served within sufficient time to allow responses to be completed prior to the close of fact discovery." (ECF Nos. 65, 109, 114).

That said, we more concerned with the objection raised by Plaintiff as to the relevance of the requests. In our Opinion dated March 11, 2021, granting the motion for preliminary injunction, the court concluded:

> Plaintiff's command code is an original work of authorship that is owned by Pyrotechnics and duly registered with the U.S. Copyright Office.[7] (FOF, ¶¶ 25-26, 32, 38.) Plaintiff's command code constitutes protected expression and Pyrotechnics' registered copyright on the Protocol is valid. See 17 U.S.C. § 102. "In judicial proceedings, a certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden to the defendant to demonstrate why the

3

> copyright is not valid." *Bibbero Sys., Inc. v. Colwell Sys., Inc.,* 893 F.2d 1104, 1106 (9th Cir. 1990).

(ECF No. 118 at 14). We noted, "The Act's regulations permit, for the copyright holder whose literary works exist only in machine readable form, to submit identifying material in the form of a deposit copy, as was done here. 37 C.F.R. 202.20. Contrary to Defendants' assertions, Plaintiff properly submitted identifying material to register its copyright, rather than the entire code." (ECF No. 118 at n. 7).

fireTEK takes the following position, however:

> Plaintiff is attempting to create confusion regarding what exactly constitutes, the "original work." Defendant has not requested other command codes, derivative works or trade secret documents as Plaintiff's counsel suggests, Defendant is only trying to obtain the original work identified by the deposit material which was created in 1993 and published in 1995 inside of their hardware. The work which Plaintiff claims Defendant has copied verbatim Defendant believes that the original work for which they claim protection does not exist in the manner which Plaintiff claims. As such, production will prove that there has been no verbatim copy as the only similar elements between the works are three isolated numbers.
>
> ***
>
> Defendant respectfully requests that Plaintiff be compelled to turn over the "original command and control protocol" which Plaintiff claims was infringed and Defendant published inside his hardware, a verbatim copy, which is identified by the "deposit material" submitted to the copyright office, exactly as it was published in 1995 embedded in Plaintiff's products – the same work that can be found fixed in Plaintiff's and Defendant's products.

(ECF No. 177 at 2).

According to Pyrotechnics, and based upon representations made by counsel at various status conferences, fireTEK has received the command and control protocol through the deposit materials published in the Copyright office. The discovery requests seek the work *in code,*[i] rather than identifying material, as registered. 37 C.F.R. 202.20 (c)(2)(viii) (emphasis added). While the protocol at issue was registered with the Copyright Office upon institution of this

4

litigation, the machine-readable form of the work was published in 1995. These commands are the original commands and control codes as embedded in the product since 1995; they are identifying material. They do not encompass the totality of commands that Pyrotechnics' products use or their computer code. Other commands have been added since the original command and control protocol was embedded. Barker Dep. at 43-45. The product Pyrotechnics sells today uses the exact command and control protocol that is in the deposit materials, although the firmware and hardware have been improved over the years.

Accordingly, the following order is entered.

AND NOW, this 14th day of November, 2021, the following motions are hereby DENIED: 1) a Motion to Compel Discovery (ECF No. 174); 2) Motion for Extension of Discovery (ECF No. 186); and 3) another Motion to Compel Discovery (ECF No. 190).

*/s/ Robert J. Colville*
Robert J. Colville
United States District Judge

Cc: record counsel via CM-ECF

---

[i] Plaintiff takes issue with the requests for production as follows:

1. Please produce a transcription in pdf format of the first 25 pages and last 25 pages of the work along with a 5 page consecutive segment of the code from any portion of the work as it was fixed and published in 1995 inside the computer hardware Plaintiff identified previously in Plaintiff's Responses to FireTEK's First Requests for Production – the work Plaintiff claim is identified by the deposit material. (If the entire work is less than 55 pages, please produce the code for the entire work.)

**RESPONSE: Pyrotechnics incorporates the general objections as if fully set forth herein. Pyrotechnics specifically objects to this Request because it is overly broad and unduly burdensome and, therefore, not proportional to the needs of the case in accordance with**

**Federal Rule of Civil Procedure 26(b)(1). Pyrotechnics further objects to this Request because it requests information not relevant to the matter and is therefore not proportional to the needs of the case in accordance with Federal Rule of Civil Procedure 26(b)(1).**

2. Please produce the first 25 pages and last 25 pages of the work along with a 5 pages consecutive segment of the code from any portion of the work which constitutes the original writings of the authors within the work resulting in the command codes as it was fixed and published in 1995 inside the computer hardware. (More specifically described in Request No. 1)(If the entire work is less than 55 pages, please produce the code for the entire work.).

**RESPONSE: Pyrotechnics incorporates the general objections as if fully set forth herein. Pyrotechnics specifically objects to this Request because it is overly broad and unduly burdensome and, therefore, not proportional to the needs of the case in accordance with Federal Rule of Civil Procedure 26(b)(1). Pyrotechnics further objects to this Request because it requests information not relevant to the matter and is therefore not proportional to the needs of the case in accordance with Federal Rule of Civil Procedure 26(b)(1).**