**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PYROTECHNICS MANAGEMENT, INC., Plaintiff, v. FIRETEK, Defendant. | ) | Case No.: 19-cv-00893 Hon. Robert J. Colville |

**MEMORANDUM ORDER**

Presently pending before the Court are two motions filed on behalf of Defendant, fireTEK: 1) a Motion to Stay Proceedings (ECF No. 198); and 2) a Motion for Sanctions (ECF No. 209). On January 12, 2022, the Court held a telephonic status conference to address these pending motions. Based upon all the record evidence, arguments of counsel, and the applicable case law, both motions will be denied.

**A. Motion for Sanctions**

Defendant fireTEK seeks sanctions against Plaintiff Pyrotechnics Management, Inc., specifically, dismissal of this action, or, in the alternative, that Plaintiff be required to donate $50,000 to a charitable human rights organization approved by the Court.

On June 8, 2021, the Court granted Plaintiff's motion to compel and ordered Defendant to produce a module with the "F1 Option" for inspection within five days of entry of the order. (ECF No. 152). We explained, "Pyrotechnics should be permitted to pursue the question of whether the Modules sold in the United States in fact employ or otherwise engage a translated version of the Protocol, in order to verify whether there are two separate products and if those products infringe on its copyright. Such information is centrally relevant to its causes of action." (ECF No. 152 at

3). In addition, Pyrotechnics had requested information regarding fireTEK's sales of the Modules in the United States. We ordered that such information was relevant and discoverable, reasoning that "should Plaintiff's suspicion be borne out, Plaintiff would be entitled to information relating to sales of the Modules in the United States so as to assess and recover damages." (ECF No. 152 at 3).

On July 16, 2021, counsel were ordered to meet and confer as to an appropriate procedure for the unpackaging and testing of the module and fireTEK was ordered to produce discovery forthwith. (ECF No. 161). On July 21, 2021, a Stipulated Protective Order was entered, providing, in part:

> 1. Pursuant to the Court's Order dated 7/16/21 Firetek shall immediately turn over all applicable sales documents and communications pertinent to plaintiff's discovery requests upon the signing of this Order. The, "Discovery." The Discovery shall only be viewed by counsel until it is determined that the FTQ-16x64 Module is a compatible product that incorporates plaintiff's protocol as defined in their discovery requests.
>
> 2. Plaintiff already has a FTQ-16x64 Module in its possession and will keep it sealed until the time of testing which will take place at a time to be agreed upon by the parties At that time Firetek shall provide a representative with the F1 Option for testing along with the FTQ-16x64 Module which is already in Plaintiff's possession. Following the completion of said testing, Plaintiff's representative shall take possession of the FTQ-16x64 Module and F1 Option. All information derived from testing the F1 Option and FTQ-16x64 Module (the "Testing Information") shall remain confidential.
>
> 3. Defendants XFX and Plaintiff, their respective principals, their employees, their officers, their directors, their managers, their agents, and/or any other third-person acting on behalf of the Parties, will not disseminate, publish, or share the Discovery or Testing Information with any third-person (other than counsel) and will use the Discovery and Testing Information solely for purposes of this litigation.

(ECF No. 163). Plaintiff received the FTQ-16-64 module and attempted to conduct testing on July 27, 2021. Affidavit of Dan Barker, President of Pyrotechnics, dated December 30, 2021 ("Barker Aff.") (ECF No. 211). On the date of the inspection, according to fireTEK, it sent a representative to observe, and upon arriving, observed that the module had been unsealed, at some unknown time prior to his arrival, in violation of the protective order. (ECF No. 209). Plaintiff's counsel described this as a miscommunication with the engineers it had assembled to inspect the module. At the conclusion of testing the module was placed in a sealed bag, which fireTEK asserts was to remain sealed unless further testing was agreed upon by the parties. (ECF Nos. 209, 163). There have been subsequent delays in returning the module to Plaintiff. According to fireTEK, Plaintiff should be sanctioned for improperly unsealing Defendant's module twice and for failing to return the module in a timely fashion.

On November 17, 2021, at a post-discovery status conference, the Court ordered that counsel shall reach an agreement as to appropriate procedure and protocol for providing the court with the module currently in Plaintiffs counsel's possession, which the court will hold for safekeeping until a trial in this matter or until such time as is appropriate. (ECF No. 199). Plaintiff's counsel asserts that it provided a photo of the module before it was sent to the Court at defendant's request; but, according to Defendant, the photo, attached to the motion for sanctions as Exhibit E, shows it was removed from its sealed container in violation of the parties' agreement. (ECF 209-6).

In addition, Defendant objects to Plaintiff's counsel's sharing of confidential sales information marked for "attorney's eyes only." (ECF No. 209 at 2). Defendant avers that counsel to Plaintiff improperly displayed sales documents on-screen at the Zoom deposition of Laurian

Antoci, thus giving Mr. Barker, and third parties present, access to customer lists and sales figures. (ECF 209 at 2).

At the status conference held on January 12, 2022, counsel were given an opportunity to present evidence and make arguments in support of their respective positions on the motion for sanctions. No additional documentary evidence or testimony was offered.

In his affidavit, Dan Barker attests that after Plaintiff received the 16x64 module, it attempted to conduct testing:

> 7. However, the FTQ-I 6x64 provided by fireTEK was delivered inoperable.
> 8. Moreover, we later learned that the 16x64 module could not be compatible with FireOne products, because necessary firmware was not included
> 9. In addition to being noncompatible with Fl, this module was incapable of operation at all.
> 10. Pyrotechnics never conducted any testing, reverse engineering or unauthorized use of the FTQ-I6x64 module.
> 1 l. When requested by the Court I sent my counsel the FTQ-I 6x64 wrapped in bubble wrap for its protection.
> 12. Pyrotechnics has not availed itself of an unfair advantage.
> 13. Pyrotechnics has not unlawfully accessed Defendant's module or used any so-called confidential sales information.

Barker Aff. at 2.

Federal Rule of Civil Procedure 37 authorizes a court to impose sanctions against a party that fails to comply with a court order. Fed. R. Civ. P. 37. Although the Federal Rules of Civil Procedure permit a court to sanction, "[t]he ultimate decision to impose sanctions under Rule 37 and any determination as to what sanctions are appropriate are matters entrusted to the discretion of the district court." *Dufala v. Primanti Bros*., No. 2:15-cv-647, 2015 U.S. Dist. LEXIS 132964, at *2 (W.D. Pa. Sept. 30, 2015) (citing *Bowers v. Nat'l College Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007)).

Other than the affidavit of Dan Barker, the only other evidentiary record evidence, which was attached to Defendant's motion, consists of emails between counsel concerning proposed

stipulations, the return of the module to Defendant and/or the proposed plan to send it to the Court for safekeeping, a photograph of the module wrapped in packaging, and Pyrotechnic's promotional materials of a new product line.

We find that the facts and circumstances of the alleged wrongdoing here are not sufficient to support imposition of sanctions. As to the sharing of confidential information, in its brief in opposition to the Motion for Sanctions, Pyrotechnics explains that at the deposition it attempted to authenticate invoices for product sales of the FTQ 16x64 modules in the United States. These invoice exhibits were initially introduced without objection, but when the objection was ultimately made, counsel for Plaintiff did not display any more invoices. Mr. Barker attests that Pyrotechnics has not unlawfully used any so-called confidential sales information. As to the sealing of the module, and the length of time it was in Pyrotechnic's possession, Mr. Barker attests that Pyrotechnics never conducted any testing, reverse engineering or unauthorized use of the FTQ 16x64 module, and in fact, the module could not be compatible with FireOne products because the necessary firmware was not included. When his counsel requested him to do so, he sent the module to his counsel. The Court does not view these matters as violative of any court order or rule, and even if a violation has been shown, there is inadequate evidence of any material harm to Defendant resulting from such purported violations; accordingly, sanctions are not warranted, most especially the sanction of dismissal of this action.

**2. Motion to Stay**

This action was commenced on July 24, 2019. Discovery has been extended a number of times and there have been various discovery disputes. Fact discovery ended on October 15, 2021. By order dated November 17, 2021 (ECF No. 200), motions for summary judgment in this case are due by February 7, 2022. FireTEK requests the Court issue a stay in this matter until the

interlocutory appeal of the entry of the preliminary injunction is decided, or, in the alternative, until the United States Court of Appeals for the Third Circuit rules on fireTEK/Appellant's Motion to issue a Request under Title 17, § 411(b)(2) of the Copyright Act, presumably to advise whether that Office would have refused registration if it knew that certain information included in the underlying registration application was inaccurate. According to the docket on appeal, the motion to issue a request under 17 U.S.C. Section 411(b)(2) has been referred to the merits panel for consideration after the completion of briefing on the merits of the appeal. *FireTEK v. Pyrotechnic Management Inc.*, Appeal No.21-1695, Order entered November 24, 2021 at Entry 42.

fireTEK has attached purportedly new evidence to the motion to stay, and requests the court to reconsider our prior decision not to stay this case pending resolution of the appeal from entry of the preliminary injunction. It argues that a stay of these proceedings will not prejudice Plaintiff as it already has a preliminary injunction, and that all parties have an interest in a stay of this action in order to avoid potentially contrary litigation outcomes should the copyright be declared invalid.

District courts have "broad discretion to stay proceedings as an incident to [the] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) ("Federal courts have inherent power to control their dockets by staying proceedings."). Further, a stay of proceedings "is particularly appropriate, and within the court's 'sound discretion' where the outcome of another case may 'substantially affect' or 'be dispositive of the issue' in a case pending before a district court" *MEI, Inc.*, 2009 WL 3335866 at *4. Factors justifying a stay in such circumstances include "the interests of justice and judicial economy," which in turn include "avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources." *Id.* at *5 (internal quotation marks omitted) (quoting *Miccosukee*

*Tribe of Indians v. South Florida Water Mgmt. Dist*., Civ. No. 98-06056, slip op. at 6 (S.D. Fl. Mar. 28, 2007), appeal denied, 559 F.3d 1191 (11th Cir.2009)).

Based on the particular facts and circumstances of this case, and the procedural posture we find ourselves in, the motion to stay will be denied and the case will proceed absent notice that the Court of Appeals has granted the Rule 411 motion or taken any other material action. After a careful review of the arguments of counsel and the cited record therein, we find Defendant has not made a strong showing it is likely to succeed on merits of the Rule 411 motion, and further, has not shown it will suffer irreparable damage at this stage of the litigation. Motions for summary judgment have not yet been filed or decided and a trial has not been scheduled. Should the Court of Appeals grant the Rule 411 motion or take other material action, counsel may promptly notify this Court for reconsideration of the denial of the stay.

Accordingly, the following order is entered.

AND NOW, this 14th day of January, 2022, IT IS HEREBY ORDERED THAT: 1) fireTEK's Motion to Stay Proceedings (ECF No. 198) is DENIED; and 2) the Motion for Sanctions (ECF No. 209) is hereby DENIED.

*/s/ Robert J. Colville*
Robert J. Colville
United States District Judge

Cc: record counsel via CM-ECF