**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PYROTECHNICS MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:19-cv-00893 |
| | ) | |
| v. | ) | |
| | ) | |
| fireTEK, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION
TO MOTION FOR LEAVE TO FILE COUNTERCLAIM**

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant should not be permitted to file counterclaims at this stage of the preceding, because the proffered counterclaims are both procedurally and substantively defective.

The Third Circuit's recent decision provides no justification or basis for the proffered counterclaims.  Discovery has closed, and dispositive motions have been filed.  This case is at its final stage.  Moreover, even if it was appropriate to allow counterclaims at this stage of the case, the proposed counterclaims are deficient as a matter of law.  The wrongful use of civil proceedings and abuse of process claims may only be brought after the termination of an underlying action, not as counterclaims.  The tortious interference count relates solely to the prosecution of this case, i.e., is related to the above two claims.  As such, the tortious interference claim is deficient if it is based upon the use of civil proceedings, and if it is not based upon that, then it could have been brought at the outset of this case and should not be permitted at this late stage.

## II.     STATEMENT OF FACTS

Plaintiff Pyrotechnics Management, Inc. ("Pyrotechnics")  manufactures and sells hardware and software that control fireworks displays ("FireOne").  The FireOne system includes two main devices: a control panel ("Control Panel") and a field module ("Field Module").  Circa 1995, Pyrotechnics's Control Panels and Field Modules have used an original and unique proprietary protocol ("Protocol") to communicate with each other. The Protocol, developed along life-safety guidelines, allows the FireOne system to safely control complex fireworks displays. An individual using the communication protocol essentially inputs a series of basic commands, encoded as zeros and ones, to the Control Panel, which then communicates this unique string of encoded commands to the Field Module(s).  Depending on the user's custom set-up, there may be up to hundreds of Field Modules that are responding to one Control Panel. After receiving the unique string of commands from the Control Panel, the Field Modules communicate their readiness to ignite pyrotechnic devices back to the Control Panel, at which point the encoded commands are ultimately expressed as electronic messages.

fireTEK is Pyrotechnics's competitor.  It reverse-engineered Pyrotechnics's system to copy the digital messages.  In 2018, fireTEK developed a router ("Router") that could send analog signals, meaning the zeros and ones, to Pyrotechnics's Field Module, just like those sent by the Control Panel.  In 2019, fireTEK began promoting its Router as the replacement for the Control Panel.  In June 2019, Pyrotechnics obtained a Certificate of Registration with the United States Copyright Office for four of the basic commands ("Commands").  In its document requesting the certificate, it stated the copyrighted work is text, which is a "machine-readable" electronic work in the Protocol.  It also claimed the messages were first published when they

were embedded inside the hardware in 1995.  This is when Pyrotechnics sent fireTEK a letter
claiming the router infringed on Pyrotechnics's copyright in its Protocol.

On July 24, 2019, Pyrotechnics sued fireTEK, claiming fireTEK violated Pyrotechnics's
copyright in the communication protocol and messages it uses to control fireworks displays and
alleging claims of copyright infringement, tortious interference with prospective contractual
relations, and unfair competition against Defendants fireTEK and XFX Pyrotechnics, LLC
("XFX") for routers offered by for sale by Defendants.[1]  (ECF Docket No. 1.)  Plaintiff filed an
Amended Complaint on April 27, 2021, (ECF Docket No.134) adding allegations of infringing
field modules.  Plaintiff filed a motion seeking to enjoin Defendant from further infringement of
Plaintiff's copyrighted work simultaneously with its Complaint.  (ECF Docket No. 7.)

Defendant fireTEK filed a motion to dismiss the Complaint on October 15, 2019.[2]  (ECF
Docket No. 34.)  Plaintiff's Motion for Preliminary Injunction was administratively denied
without prejudice on February 3, 2020 to facilitate the transfer of the case from Judge Horan to
Judge Colville.  (ECF Docket No. 43.)  On April 30, 2020, Judge Colville correctly denied
fireTEK's Motion to Dismiss the Complaint.  (ECF Docket No. 49.)  fireTEK answered the
Complaint on May 13, 2020, (ECF Docket No. 50), and answered the Amended Complaint on
May 12, 2021 (ECF Docket No. 142.)   Pyrotechnics refiled a Motion for Preliminary Injunction
on May 28, 2020.  (ECF Docket No. 55.)  The Court held a hearing on the Motion for
Preliminary Injunction on August 19, 2020, (ECF Docket No. 89) and oral argument was held on
February 18, 2021.

---

[1]  Defendant XFX and Plaintiff reached a settlement, and XFX was dismissed from this action by Order dated
December 16, 2021. (ECF Docket No. 206.)

[2]  Defendant fireTEK previously attempted to file a motion to dismiss on September 3, 2019; that motion was struck
due to fireTEK's failure to appear via counsel.  (ECF Docket No. 32.)

On March 11, 2021, the Court issued an Opinion and Order granting a preliminary injunction in favor of Plaintiff and against Defendants enjoining them from, "importing, distributing or selling any products that infringe upon Plaintiff's copyrighted command/control protocols as registered under the Registration Number TX-8-738-709, including but not limited to, the fireTEK routers that incorporate or transmit those command/control protocols."  (ECF Docket Nos. 118, 119.)  However, fireTEK appealed to the Third Circuit, challenging whether Pyrotechnics has shown a likelihood of success on its copyright infringement claim. To succeed, Pyrotechnics had to show (1) it owns a valid copyright and (2) fireTEK copied protected, original elements without authorization. The Third Circuit ultimately reached the conclusion that the digital message format and the individual messages are not copyrightable.

On July 29, 2022, fireTEK filed a Motion for Leave to File Counterclaim ("Motion") (ECF Docket No. 238), requesting the release of the injunction bond and leave under Federal Rule of Civil Procedure 13(e) to file three counterclaims against Pyrotechnics, Dentons Cohen & Grigsby P.C. ("Dentons"), and the individual Dentons attorneys representing Pyrotechnics: Count 1—Statutory Wrongful Use of Civil Proceedings/Dragonetti Act Pursuant to 42 Pa. C.S.A. § 8351 et. seq. (vs. Pyrotechnics and Dentons), Count II—Common Law Abuse of Process (vs. Pyrotechnics and Dentons), and Count III—Tortious Interference with Contractual Relations (vs. Pyrotechnics and Dentons).  Despite the foregoing facts, in its Motion, fireTEK falsely alleges that Pyrotechnics and Dentons misrepresented information to the copyright office and "maliciously, willfully and without a good faith bases filed a frivolous lawsuit" for the purposes of interfering with fireTEK's business.  (ECF Docket No. 238 at ¶ 26, 39.)

### III.   ARGUMENT

fireTEK requests leave to file three counterclaims: Wrongful Use of Civil Proceedings (Count I); Abuse of Process (Count II); and Tortious Interference with Contractual Relations (Count III).  fireTEK also seeks to join Dentons Cohen & Grigsby P.C., and attorneys Kevin Harkins, Lucy Hill, and Fred Tolhurst, as additional counterclaim defendants.  fireTEK's Motion for Leave to File Counterclaim ("Motion") should be denied because it lacks procedural and substantive merit.

Under Fed. R. Civ. P. 13(e), "[t]he court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."  Fed. R. Civ. P. 13(e).  Rule 13(e) cannot be used to bring unmatured claims because "under the specific language of Rule 13(e) such permission may be given only if the claim is a 'matured' one at the time permission is requested."  *Stahl v. Ohio River Co.*, 424 F.2d 52, 55 (3d Cir. 1970).

As to Count I of fireTEK's counterclaims, its claim for wrongful use of civil proceedings has not matured and thus cannot be asserted under Rule 13(e).  The Dragonetti Act governs wrongful use of civil proceedings claims in Pennsylvania.  The Dragonetti Act provides that a "person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings: (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and (2) the proceedings have terminated in favor of the person against whom they are brought."  42 Pa. C.S.A. § 8351.  Critically, a claim for wrongful use of civil proceedings cannot be brought until "the proceedings have terminated in favor of the person

against whom they are brought." 42 Pa. C.S.A. § 8351; *see also Gordian Med., Inc. v. Gentell, Inc.*, CIV.A. 12-5582, 2013 WL 4457363, at *2 (E.D. Pa. Aug. 21, 2013) (stating that "[i]t is well settled law that for claims under the Dragonetti Act the underlying litigation must be final before a counterclaim can be brought.").

Here, the underlying proceedings have not been terminated, negating the availability of a wrongful use of civil proceedings claim.  The Third Circuit remanded the case to the Western District of Pennsylvania but did not terminate the case.

fireTEK's wrongful use of civil proceedings claim also lacks substantive merit because Pyrotechnics had probable cause to bring the underlying suit.  Under the Dragonetti Act,

> [a] person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either: (1) reasonably believes that under those facts the claim may be valid under the existing or developing law; (2) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or (3) believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

42 Pa. C.S. § 8352.

As this Court's rulings evidence, Pyrotechnics had probable cause to proceed and thereby reasonably believed in the existence of facts on which its claims were based and that its claims were valid under existing or developing law.  In fact this court found that Pyrotechnics had a substantial likelihood of success on the merits when it granted the injunction. fireTEK's attempt to retroactively ascribe wrongful intent to Pyrotechnics fails under the Dragonetti Act's description of probable cause.

fireTEK's abuse of process claim has similar procedural and substantive problems.  "To establish a claim for abuse of process it must be shown that the defendant (1) used a legal

process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not

designed; and (3) harm has been caused to the plaintiff." *Rosen v. Am. Bank of Rolla*, 627 A.2d

190, 192 (Pa. Super. 1993).  "The assertion, by way of a counterclaim, that underlying litigation

as a whole constitutes an abuse of process, fails to state a claim which is ripe for adjudication"

because  "[b]y definition, a lawsuit in its entirety cannot constitute an abuse of process when it

has not yet been concluded." *Access Fin. Lending Corp. v. Keystone State Mortg. Corp.*, CIV.

A. 96-191, 1996 WL 544425, at *5 (W.D. Pa. Sept. 4, 1996).  fireTEK alleges that the proposed

counterclaim defendants participated in the "copyright infringement matter with a preliminary

injunction and/or the pendent state law claims for unfair competition and tortious interference

with contractual relations i.e., a legal process or proceedings against fireTEK."  Motion at ¶ 67.

This allegation can only be construed as an allegation that the entire proceeding constitutes an

abuse of process.  As such, this claim also fails because the underlying proceedings have not

been terminated.

      fireTEK's abuse of process claim also lacks substantive merit because fireTEK has not

shown that Pyrotechnics or the other proposed counter-claim defendants used a legal process

primarily for a purpose other than that which it is designed.  *See Rosen v. Am. Bank of Rolla*, 627

A.2d 190, 192 (Pa. Super. 1993).  An abuse of process claim requires an act or threat not

authorized by the process, and "there is no liability where the defendant has done nothing more

than carry out the process to its authorized conclusion, even though with bad intentions." *Shaffer

v. Stewart*, 473 A.2d 1017, 1019 (Pa. Super. 1984).  Even if fireTEK had adequately alleged that

Pyrotechnics or the other proposed counterclaim defendants acted with bad intentions (which it

has not), fireTEK has not alleged that Pyrotechnics or the other proposed counterclaim

defendants have done anything more than carry out the process of litigation to its authorized

conclusion. *See id.* Additionally, fireTEK's allegations of abuse of process against Dentons and the individual attorneys is meritless because, "[a]n attorney cannot be liable for doing nothing more than carrying out the process to its authorized conclusion[.]" *Hart v. O'Malley*, 647 A.2d 542, 553 (Pa. Super. 1994), *aff'd*, 676 A.2d 222 (Pa. 1996). Thus, fireTEK's abuse of process claim is unavailable under Rule 13(e) because the entire proceeding that fireTEK alleges is an abuse of process has not concluded and the claim lacks substantive merit.

Finally, fireTEK's tortious interference claim cannot be brought under Rule 13(e) because the claim arose before fireTEK filed its Motion. A cause of action for tortious interference arises when the following four elements are present: "(1) the existence of a contractual relationship between the complainant and a third party; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage as a result of defendant's conduct." *Walnut St. Associates, Inc. v. Brokerage Concepts, Inc.*, 982 A.2d 94, 98 (Pa. Super. 2009), *aff'd*, 20 A.3d 468 (Pa. 2011).

fireTEK alleges that Pyrotechnics and the proposed counterclaim defendants "took part in the alleged copyright infringement matter with a preliminary injunction and/or the pendent state law claims for unfair competition and tortious interference with contractual relations engaged in this purposeful action on the part of the Counter-Claim Defendant, specifically intended to harm the existing business relations or prospective business relations, including but not limited to, XFX Pyrotechnics, LLC and Zambelli Fireworks." Motion at ¶ 74. Based on this allegation, the claim could have been brought at the outset.

Rule 13(e) only allows counterclaims "matured or was acquired by the party after serving an earlier pleading." Based on the wording of Rule 13(e) and fireTEK's allegations in Count III,

fireTEK's tortious interference claim matured when Pyrotechnics first initiated this action and thus should not be allowed under Rule 13(e).  Alternatively, if the claim relates to this civil proceeding solely, then it is not yet ripe.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Leave to File Counterclaim should be denied.

Respectfully submitted,

DENTONS COHEN & GRIGSBY P.C.

By: */s/ Kevin C. Harkins*
    Kevin C. Harkins (Pa. I.D. 59915)
    Fred L. Tolhurst (Pa. I.D. 22040)
    Lucy E. Hill (Pa. I.D. 323731)
    kevin.harkins@dentons.com
    fred.tolhurst@dentons.com
    lucy.hill@dentons.com

    625 Liberty Avenue
    Pittsburgh, PA 15222-3152
    Ph: (412) 297-4900
    Fax: (412) 209-1975

Dated:  August 15, 2022                  Counsel for Plaintiff,
                                         Pyrotechnics Management, Inc.

4120549.v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 15th day of August 2022, a true and correct copy of the

foregoing Plaintiff's Response in Opposition to Motion for Leave to File Counterclaim was filed

and served via the Court's ECF system.


_/s/ Kevin C. Harkins_____