**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PYROTECHNICS MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:19-cv-00893-JFC |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| XFX PYROTECHNICS LLC and fireTEK, | ) | |
| | ) | |
| Defendants. | ) | |

**STATUS REPORT OF PLAINTIFF, PYROTECHNICS MANAGEMENT, INC.**

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Pyrotechnics Management, Inc. ("Plaintiff") hereby respectfully moves the Court for an Order dismissing its remaining claims (Count II: Tortious Interference with Prospective Contractual Relations and Count III: Unfair Competition) against fireTEK from the above-captioned action. Plaintiff's claims against fireTEK are unsustainable in light of this Court's dismissal of Plaintiff's copyright claim and should be dismissed *without prejudice*.

Under Rule 41, a plaintiff may dismiss an action voluntarily before a defendant files an answer or motion to dismiss, by stipulation, or by requesting a court order. *See*, Fed. R. Civ. P. 41(a)(1) and (a)(2). Here fireTEK has filed an answer and a motion for summary judgment. *See* ECF 142 and 224. The only means for the Plaintiff to dismiss its remaining claims against fireTEK voluntarily is by a stipulation signed by all of the parties who have appeared, or by seeking and obtaining a court order dismissing fireTEK. *See*, Fed. R. Civ. P. 41(a)(1)(A)(ii) and Fed. R. Civ. P. 41(a)(2). Plaintiff is hereby moving the Court to exercise its authority under Fed. R. Civ. P. 41(a)(2) to dismiss the remaining claims against fireTEK and dispose of this action under such terms as the Court considers appropriate. *Id.*

Absent legal prejudice or some unjust resulting circumstance, a court should generally honor a plaintiff's request to take a voluntary dismissal under Rule 41(a)(2).  *See Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996); *Andes v. Versant Corp.,* 788 f.2d 1033 (4th Cir. 1986).  fireTEK will not be prejudiced if this motion were granted.

On August 8, 2022, this Court entered an order dismissing Plaintiff's copyright claim.  *See* ECF 240.  As noted above, Plaintiff's remaining claims against fireTEK relied upon Plaintiff's copyright claim.  Because this Court dismissed the copyright claim (which supplied federal question jurisdiction in this case), this Court no longer has supplemental jurisdiction over the remaining state law claims and they should be dismissed.

For the reasons stated above, Plaintiffs' respectfully request that the Court issue an Order pursuant to Fed. R. Civ. P. 41(a)(2) dismissing Count II and Count III against fireTEK.

Respectfully submitted,

DENTONS COHEN & GRIGSBY P.C.

By: */s/ Kevin C. Harkins*
Kevin C. Harkins (Pa. I.D. 59915)
Fred L. Tolhurst (Pa. I.D. 22040)
Lucy E. Hill (Pa. I.D. 323731)

kevin.harkins@dentons.com
fred.tolhurst@dentons.com
lucy.hill@dentons.com

625 Liberty Avenue
Pittsburgh, PA 15222-3152
Ph: (412) 297-4900 / Fax: (412) 209-1975

*Counsel for Plaintiff,*
*Pyrotechnics Management, Inc.*

 DATED:  August 15, 2022

4130711.v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of August, 2022, a true and correct copy of the foregoing STATUS REPORT was filed and served via the Court's ECF system.

*/s/ Kevin C. Harkins*