IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PYROTECHNICS MANAGEMENT, INC., | ) |
| Plaintiff, | ) ) ) Case No.: 19-cv-00893 |
| v. | ) ) Hon. Robert J. Colville |
| FIRETEK, | ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Presently pending before the Court are the following two motions filed on behalf of Defendant Firetek: 1) a Motion for Attorney Fees (ECF No 253), and 2) Motion for Return of Wireless Router (ECF No 258). Plaintiff Pyrotechnics Management, Inc. ("Pyrotechnics") opposes both motions.

Because we write solely for the benefit of the parties, we will not repeat the well-known history of this case, except to the extent it informs our decision.

On June 29, 2022, the United States Court of Appeals for the Third Circuit vacated the preliminary injunction entered in this case and remanded the matter back to this Court for dismissal of Plaintiff's copyright claim with prejudice. *Pyrotechnics Mgmt. v. XFX Pyrotechnics LLC*, 38 F.4th 331 (June 29, 2022). Thereafter, on August 8, 2022, all claims were dismissed with prejudice and the preliminary injunction was vacated. (ECF No. 240). On September 20, 2022, the Court entered a Rule 58 Judgment in this matter (ECF No. 251) and on October 17, 2022, Pyrotechnics filed a Notice of Appeal. (ECF No. 259). Firetek has filed a cross-appeal (ECF No. 261), and briefing on the appeal remains pending as of the date of this writing. *Pyrotechnics Management Inc. v. Firetek*, 22-2951, 22-2974 (3d Cir. 2022). Given the procedural history of this case and the

1

prior appeal, the Court can only assume that the parties intend to bring the issue of the validity of the copyright before the United States Supreme Court.

### A. Motion for Attorneys' Fees and Costs

In the instant motion, Defendants contend that they are entitled to fees and costs under Section 505 of the Copyright Act which allows recovery of attorneys' fees for prevailing litigants, because their successful defense of this action furthered the purposes of the Copyright Act, and the discretionary factors strongly support an award of fees. In its motion, Firetek seeks attorneys' fees and costs in an amount of $93,410.47. In response, Plaintiff argues that Defendant should not be awarded fees, because its copyright claims were objectively reasonable.

"Under the 'American Rule,' parties to litigation are to pay their own attorneys' fees, absent statutory authority and a court order providing otherwise." *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 231 (3d Cir. 2008) (quoting *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't. of Health and Human Resources*, 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). As relevant to this case, however, the Copyright Act provides an exception to that general rule. Under 17 U.S.C. § 505, "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party." "[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." *Id.* That said, attorneys' fees are not awarded as a "matter of course," instead, they are "awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). The court is required to "make a ... particularized case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 136 S.Ct. 1979, 1985, 195 L.Ed.2d 368 (2016).


The Supreme Court has identified "several nonexclusive factors for courts to consider, *e.g.*, frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence[.]" *Id.* (quoting *Fogerty*, 510 U.S. at 534 n.19, 114 S.Ct. 1023) (internal quotations marks omitted). The Supreme Court has also instructed that a court "should give substantial weight to the objective reasonableness of the losing party's position" and "retains discretion ... to make an award even when the losing party advanced a reasonable claim or defense." *Id.* at 1983. Finally, we note that "[a] party is deemed to have prevailed when '[the party] succeed[s] on any significant issue in litigation which achieves some of the benefit [the party] sought in [defending] suit.'" *Schiffer Publishing, Ltd. v. Chronicle Books, LLC*, No. 03-4962, 2005 WL 1244923, at *3 (E.D. Pa. May 24, 2005).

Given the procedural posture of the appeal, the complexity of the issue, and the robust litigation and briefing surrounding the copyrightability of the wireless router, we find that the reward of attorneys' fees and costs is not warranted. Plaintiff did not act frivolously and was not improperly motivated. Throughout the course of the litigation, after multiple conferences and hearings and during the presentation of testimony and evidence, the Court discerned, in neither legal or factual issues, no bad faith attempt to harm a competitor, but instead concludes that Pyrotechnics was steadfastly attempting to vindicate what it considered – and still considers -- a valid copyright. The Court originally held that Pyrotechnics' copyright was valid, that Pyrotechnics had a substantial likelihood of success on the merits, and that it was entitled to a preliminary injunction against Firetek. Plaintiff had evidence that Defendant reverse-engineered Pyrotechnics digital messages between its field module and control panel. And the case law cited by the parties, while not completely clear-cut, demanded what the Court believes to be a determination of a novel issue of law. Pyrotechnics had reasonable factual and legal support for

its position. Although the attempt to defend its asserted copyright has failed; if anything, it served to clarify the extent of the Copyright Act's protections.

Accordingly, the motion for attorneys' fees and costs will be denied.

### B. Motion for Return of Wireless Router

Firetek also seeks the return of the wireless router, currently in the possession of Pyrotechnics. (See also ECF No. 237). Co-Defendant XFX provided the Plaintiff with the prototype Firetek wireless router for purposes of assisting an expert to determine whether or not the Firetek wireless router violated Plaintiff's alleged copyright.

Said motion will be denied. Not only has the court previously held that the router was owned by XFX Pyrotechnics, Inc. but Firetek has failed to present the Court with sufficient basis for the return of the item at this juncture. We had previously indicated that the prototype of the Firetek wireless router in Plaintiff's counsel's possession may be returned only upon consent of Plaintiff, or until such time as Plaintiff has had an opportunity to respond to the request it be returned. Plaintiff has since responded, does not consent, objects to the request, and argues that the "release of evidence in this case is premature." (ECF No. 262 at 1). Accordingly, the motion will be denied at this time.

AND NOW, this 13th day of December, 2022, it is hereby ORDERED that: 1) the Motion for Attorneys' Fees filed on behalf of Firetek (ECF No. 253); and 2) the Motion for Return of Wireless Router filed on behalf of Firetek (ECF No. 258) be and the same are hereby DENIED.

*/s/ Robert J. Colville*
Robert J. Colville
United States District Judge

Cc: record counsel via CM-ECF